IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

FRANK J. DOMBOS,

        Petitioner,

v.                                                                 CIV 09-200 JB/GBW

Attorney General for
the State of New Mexico,

        Respondent.

## **ORDER TO STAY PROCEEDINGS & SUBSTITUTE WARDEN**

Petitioner Frank Dombos filed this habeas matter pursuant to 28 U.S.C. § 2254, and because he filed after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), its standards apply to this case. *E.g., Abdul-Kabir v. Quarterman*, 550 U.S. 233 (2007); *DeLozier v. Sirmons*, 531 F.3d 1306, 1319 (10th Cir. 2008).

The matter is before the Court on several recent motions filed by Petitioner, as well as my subsequent review of the entire record. For the reasons below, these federal proceedings will be stayed until Petitioner completely exhausts his New Mexico DNA post-conviction proceedings that are still pending. Other issues require discussion, however, and I begin with them first.

## Clerk Shall Add James Janecka As The Sole Named Warden And Gary K. King As The Attorney General

As Respondents point out in their Answer, when Petitioner filed this action, he was housed at Western New Mexico Correctional Facility and he specified the warden of that facility as Respondent.  *See Doc. 1* at 1; *Doc. 23* at 1-2.  Later, he was transferred to Guadalupe County Correctional Facility, where Erasmo Bravo is the Warden.  *See Doc. 21* at 1; *Doc. 23* at 2.  He was transferred again, however, to the Lea County Correctional Facility (LCCF) in Hobbs, New Mexico.  *See Doc. 24.*  Both his recent pleadings and the New Mexico Corrections Department Offender Information website show that Petitioner is incarcerated at LCCF.  *See Doc. 44* at 3.[1]  James Janecka is the Warden at LCCF.[2]

Rule 12 of the "Rules Governing Section 2254 Cases In The United States District Courts" provides that the Federal Rules of Civil Procedure can be applied to habeas actions so long as the Civil Rules "are not inconsistent" with any statutory habeas rules or the habeas rules themselves.  Federal Rule 15 generally allows for liberal amendments to pleadings  and Rule 25(d) allows the courts to substitute the name of an 'officer's successor . . . at any time."   The federal form for habeas petitions, as well as the one used here by Petitioner, lists the two proper respondents as the Warden of the

---

[1] The website is:  http://corrections.state.nm.us/offenders/search.php.

[2] *See, e.g.,* http://corrections.state.nm.us/prisons/lccf.html.

2

facility where the inmate is housed and the Attorney General of the state where the inmate is housed.[3] Since Petitioner did not supply names, the Court's caption for this case simply lists the facility where Plaintiff was originally incarcerated and the "Attorney General of the State of New Mexico." However, the caption of Respondents' Answer supplies the name of the then-warden and the current Attorney General. *See Doc. 23* at 1. In light of Respondents' acknowledgment of the proper parties, I find it appropriate to have the Clerk make the proper substitutions now, without requiring a formal motion to amend.

### The Clerk Shall Send Petitioner A Copy Of The Court's Local Rules And *Pro Se* Manual AND Petitioner Shall Abide By Them And Instructions In This Order

Petitioner has filed a number of motions, as well as letters asking for relief that were not docketed as motions, concerning how the Clerk is handling his filings. They are:

- Document 29 (filed 7/6/09), a letter where he asserts that he attached a copy of his motion in the State Courts to "dismiss" his pending "DNA appeal" to the pleading docketed here as Document 28, but when the Clerk returned a copy of the file-stamped Document 28, the attachment was not with it.

- Document 30 (filed 7/15/09), a letter regarding the same.

---

[3] *See Doc. 1* at 1; *see also* http://www.nmcourt.fed.us/web/DCDOCS/dcindex.html ("Petition for Writ of Habeas Corpus by a Person in State Custody - 2254 (AO-241)").

- Document 33 (filed 7/22/09), a letter regarding the same.

- Document 34 (filed 7/22/09), a "notice" regarding the same, which attaches his June 25th state court filing entitled "Motion To Dismiss Appeal."

- Document 37 (filed 8/10/09), a "Motion" asking this Court to issue an order requiring Respondents to "preserve evidence" from his state criminal trial.

- Document 38 (filed 8/19/09), a letter dated August 14, 2009, where he assets that he properly served the "Atty. General of N.M and Warden at W.N.M.C.F" with his motion to "preserve" but did not receive an endorsed copy of it from the Clerk.

- Document 39 (filed 8/28/09), a "motion" asking the Court to "compel" production of an endorsed copy.

- Document 40 (filed 8/31/09), a "motion" asking the Court to "inquire" with the Clerk about his filings, including the assertion that he sent this Court his state habeas corpus petition that "is 1,263 pages long, not counting exhibits and attachments," *Doc. 40* at 2, and wonders whether it was in fact filed with his federal petition, *id*. at 3.

- Document 41 (filed 8/31/09), a letter asking the Clerk for an endorsed copy of his motion to "preserve."

- Document 42 (filed 9/2/09), a letter again asking for an endorsed copy of his motion to "preserve."

- Document 43 (filed 9/3/09), a document docketed as a "notice," which is a "Formal Complaint" about how the Clerk has handled his filings, particularly the lack of an endorsed copy of the motion to "preserve."

- Document 44 (filed 9/3/09), a letter asking the Court to take judicial notice of his correspondence concerning the Clerk.

The Introduction to the Court's "Guide For *Pro Se* Litigants" provides that "[i]t is a *pro se* litigant's responsibility to become familiar with and to comply with the *Federal Rules of Civil Procedure* and the *Local Rules of the United States District Court for the District of New Mexico* (the 'Local Rules')." It is unclear whether Petitioner has copies of the manual and local rules, so I will ask the Clerk to send him copies.

Other than the Court, Petitioner did not serve copies of the above documents to the proper person. All of them were filed after the Respondents filed their motion for an extension and Answer through their attorney, Margaret E. McLean, Assistant Attorney General, Post Office Drawer 1508, Santa Fe, New Mexico 87504-1508. *See Docs. 15, 23.* Petitioner clearly received the motion for extension and copy of the Answer, because he responded to it. *See Docs. 17, 28.* It is true that both the *pro se* manual and Court's local rules for civil cases provide that copies of pleadings must be served on the other "parties" to the lawsuit. It is also true that Petitioner has attempted to make service on the "parties" by serving all of his above documents on the original Respondents – the "Warden" of "Western New Mexico Correctional Facility" and the "Attorney General" of New Mexico. But, the Court's local rules define "party" as "a party <u>*or attorney representing the party.*</u>" D.N.M. LR-Civ. 1.5(f) (emphasis added).

Plainly, Petitioner should have been serving Ms. McLean all along and was mistaken not to do so. He should do so in the future should the need arise. However,

5

in light of my other rulings below, there will be no need for any filings by Petitioner in the near future.

### All Of Petitioner's Concerns About Filings Are Moot

The Court in fact retains a copy of Petitioner's massive state filing and that fact is reflected by the "court only" docket entry made on March 18, 2009, that notes the "Attachments to Doc# 1 [the habeas petition, were] placed in (3) large expandable folders in the records room."  Moreover, Petitioner was confusing in his subsequent pleadings where he asked permission to file an oversized document.  *See Doc. 6.* Presiding District Judge James O. Browning quoted from Petitioner's request where he asserted that he did not have a copy of the massive state habeas petition because prison officials made him shred it.  *See Doc. 10* at 1, n.1.  Furthermore, Judge Browning noted that Respondents would eventually be required to submit state court records, and therefore denied Petitioner's request as moot.  *Id.* at 1-2.

As for Petitioner's state "motion to dismiss appeal," it is attached to Document 34 and is part of the federal record.  *See Doc. 34* at 5-7.

As for a lack of endorsed copy of his "motion to preserve," there is a "court only" docket entry make on August 31, 2009 that shows the Clerk responded to Document 38 and another letter by sending copies of the requested documents.  Petitioner should have received them by now, but in an abundance of caution, I will require the Clerk to

resend those documents and document the same by filing a copy of the Petitioner's letter, the Clerk's responsive letter, and attachments transmitted with it.

It is true that the Clerk did not respond to all of Petitioner's letters and could have responded more promptly in providing an endorsed copy of the motion to "preserve." Likewise, I could have taken a closer look at this matter from the moment it was reassigned to me. However, this is not the only case before the Court and Petitioner's impatience and insistence on escalating trifles only complicates matters. I expect that, after receiving this Order, Petitioner will appreciate how busy the Court docket is, accept that nothing is amiss, be assured that the Court will address problems that arise, understand that the Court has looked at every filing he has made thus far, and understand that the orders below will bring the matter closer to resolution.

### The State DNA And Habeas Proceedings Are On Certiorari To The New Mexico Supreme Court
### And
### The Federal Action Will Be Stayed

Respondents did not file many of the pertinent state records with their Answer in recognition that Petitioner pursued different separate post-conviction proceedings in state court, and because of the interrelatedness of the federal claims and the still-pending DNA proceeding, an option is to stay the federal suit while Petitioner exhausts his state remedies. *See Doc. 23* at 6-7. I find that neither the state DNA nor the state habeas proceedings are fully exhausted, and that a stay is the appropriate course.

Petitioner's criminal conviction involved two consolidated actions that are being tracked under the lower number "D-1215-CR-200400116" and the docket sheet is available to the public online. *See* http://www.nmcourts.gov/caselookup. All of the dates and descriptions of the state proceedings are taken from this source and it is attached to this Order.

Since Petitioner did not file for certiorari with the Supreme Court of the United States, his conviction became "final" for AEDPA statute of limitations purposes on Tuesday, April 15, 2008 , ninety days after the conclusion of his direct appeal. *See State v. Dombos,* 143 N.M. 666, 180 P.3d 673 (N.M Ct. App.), *cert. denied,* 143 N.M. 668, 180 P.3d 675 (January 16, 2008); *see also, e.g., Locke v. Saffle,* 237 F.3d 1269, 1273 (10th Cir. 2001). Using the one-year period is calculated using the "anniversary method," absent tolling, Petitioner would have had to file his federal petition on or before Wednesday, April 15, 2009 for it to be timely.[4]

---

[4] *E.g., United States v. Hurst,* 322 F.3d 1256, 1861-62 (10th Cir. 2003) ("anniversary date" for filing federal petition is same date, only one year later, as the date time for filing petitioning Supreme Court for certiorari expires, regardless of leap year; May 18, 1999 and May 18, 2000); *Gunderson v. Abbott,* 172 Fed. App'x 806 (10th Cir. 2006) (January 27, 1997 and January 27, 1998); *Malone v. Oklahoma,* 100 Fed. App'x 795, 796 (10th Cir. 2004) (June 28, 1999 and June 28, 2000), *cert. denied,* 540 U.S. 934 (2003); *United States v. Smith,* 65 Fed. App'x 201, 202 (10th Cir. 2003) (June 4, 1999 and June 4, 2000); *but see Robinson v. Golder,* 443 F.3d 718, 719-20 (10th Cir. 2006) (citing *Hurst* anniversary/leap year rule but stating: "[b]ecause Mr. Robinson's conviction became final on October 4, 1999, Mr. Robinson had one year from that date, until October 5, 2000, to file a federal habeas petition."); *Pratt v. Mullin,* 175 Fed. App'x 247, 249 (10th Cir. 2006) (adding additional time to initially-calculated deadline because of leap year).

Eighty-six days (approximately three months) of the one-year limitations period elapsed before he instituted state post-conviction proceedings by filing a "motion for post-conviction relief for DNA testing" pursuant to N.M. Stat. 31-1A-2 on July 10, 2008.[5] The Court of Appeals denied relief and Petitioner is seeking certiorari in the New Mexico Supreme Court. The docket entries dated August 6 and 12 of this year confirm that Petitioner just withdrew his motion to dismiss the appeal and filed an application with the New Mexico Supreme Court.

However, there were two other state habeas petitions filed in the state proceedings. (State habeas actions are brought under New Mexico Rule 5-802 and appealed under Rule 12-501). The first one evidently was the massive filing, which was stricken by the state court with leave to file a more "concise" one. The order striking the filing apparently was the subject of an appeal where the New Mexico Supreme Court denied certiorari in the matter "filed pursuant to Rule 12-501" on January 15, 2009. *Doc. 1-2* at 19; *see also* docket entries dated 12/8/08 and 1/5/09. It appears to me that this denial not only triggered Petitioner to file his "amended" state habeas petition, a motion to preserve evidence, and other supplemental information between February 6, 2009

---

[5] The "prison mailbox rule" does not apply to filings in the New Mexico state courts. *See Garcia v. Shanks*, 351 F.3d 468, 471-72 (10th Cir. 2003); *Adams v. LeMaster*, 223 F.3d 1177, 1181-83 (10th Cir. 2000), *cert. denied*, 531 U.S. 1195 (2001).

and February 10, 2009, but also triggered him to mail his federal habeas petition around February 16, 2009, *see Doc. 1-3* at 23.  The second state habeas petition was denied on March 9, 2009 and that denial was also appealed to the New Mexico Supreme Court.  See docket entries dated 3/9/09 and 3/18/09.  It thus appears that two actions from the criminal matter are pending in the New Mexico Supreme Court.

This is a suitable case for staying the federal proceedings.  The comity principles underlying the exhaustion requirement are not compromised by allowing New Mexico to complete the final stage of review of these proceedings.  And, this is not a case where a Petitioner has failed to be "diligent" in pursuing state post-conviction relief.  Moreover, there is no dispute that the issues pending before the state court are closely related to the federal claims Petitioner wishes to raise.  *See, e.g., Doc. 23* at 5, 7; *Doc. 34* at 5-7.  Even if the New Mexico Supreme Court's January 15, 2009 order is considered the conclusion of the state proceedings on the first state habeas petition, Petitioner's federal petition was filed within the limitations period.  Under these circumstances, I find a stay is appropriate under *Rhines v. Weber,* 544 U.S. 269 (2005); *see also e.g., Fairchild v. Workman,* ___ F.3d ___, 2009 WL 2710320 (10th Cir. 8/31/09).

## After The State Proceedings Conclude, The Federal Matter Will Be Supplemented And Taken Under Submission

Under Habeas Rule 5(c) this Court "may order that the respondent furnish other parts of existing transcripts" and under Habeas Rule 7(a) "may direct the parties to

expand the record by submitting additional materials relating to the petition." I find that, to move this matter toward a complete disposition, an expansion of the record is warranted after the state proceedings are exhausted. I will require Respondents to amend their Answer and supplement the federal record with the full complement of state records, which will eliminate the need for Petitioner to supplement the record further than he has thusfar. Once the record is supplemented, I will take the matter under advisement and review all of the materials pursuant to the habeas rules to ascertain whether an evidentiary hearing is necessary. *See Rule 8(a),* Rules Governing Section 2254 Cases In The United States District Courts.

Wherefore,

**IT IS HEREBY ORDERED THAT:**

1. The Clerk add James Janecka of the Lea County Correctional Facility (LCCF) as the Warden Respondent;

2. The Clerk add Gary K. King as the name of the Attorney General Respondent;

3. The Clerk file of record in one document: Petitioner's letter dated 8/14/09, his letter dated 8/20/09, the Clerk's responsive letter, and attached documents;

4. All of Petitioner's "motions" and other requests regarding the Clerk's handling of his documents *(Docs. 29, 30, 33, 34, 38, 39, 40, 41, 42, 43, 44)* are DENIED WITHOUT PREJUDICE AS MOOT;

5. This action is stayed pending exhaustion of state proceedings;

6. Within three months of the conclusion of the state proceedings, Respondents shall file an Amended Answer and supplement the federal record with the

    Records Proper from the criminal, direct appeal, and post-conviction proceedings, including any transcripts, tapes, and other evidence necessary to the resolution of the federal matter;

7. There is no need for Petitioner to supplement the federal record;

8. Once the federal matter is supplemented, it will be taken under submission for a recommended disposition; and

9. Petitioner's "Motion To Preserve Evidence" *(Doc. 37)* is DENIED WITHOUT PREJUDICE AS MOOT in light of the ordered supplementation.

_____
UNITED STATES MAGISTRATE JUDGE