**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**


FRANK J.  DOMBOS,

                Petitioner,

v.                                                      No. CIV 09-0200 JB/GBW

WARDEN, W.N.M.C.F.,
ATTORNEY GENERAL
OF THE STATE OF NEW
MEXICO,

                Respondents.


**ORDER**

      **THIS MATTER** comes before the Court on: (i) Petitioner Dombos' Objections to Order to Submit Amended Petition, filed February 19, 2010 (Doc. 66); (ii) Motion for Time Extension, filed February 19, 2010 (Doc. 67); (iii) Motion for Page Extension, filed February 19, 2010  (Doc. 68); and (iv) Motion for Appointment of Counsel, filed February 19, 2010 (Doc. 69).  The primary issues are: (i) whether the Court should vacate the Magistrate Judge's order requiring Petitioner Frank Dombos to file an amended habeas petition no longer than fifty pages in length; (ii) whether the Court should grant Dombos a page extension for his amended habeas petition; (iii) whether the Court should grant Dombos an extension of time to file his amended habeas petition; and (iv) whether the Court should appoint Dombos counsel.  Because, while these matter were pending, Dombos filed a timely amended habeas petition under the fifty-page limit, the Court will overrule Dombos' Objections as moot and will deny Dombos' Motion for Page Extension and Motion for Time Extension as moot.  The Court will also deny Dombos' Motion for Appointment of Counsel.

## PROCEDURAL BACKGROUND

Petitioner Frank Dombos has filed an application for a writ of habeas pursuant to 28 U.S.C. § 2254.  See Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 by a Person in State Custody, filed February 26, 2009 (Doc. 1)("Federal Habeas Petition").  Dombos alleges one-hundred-twenty-one claims in his fifty-two page federal habeas petition.  See Federal Habeas Petition.  Rather than list the factual bases for most of his claims, he attempts to incorporate by reference his habeas application submitted in state court.  See Motion to Inform Attached with Prisoner's Federal Writ for Habeas Corpus Pursuant to 28 U.S.C. § 2254 at 1, filed February 26, 2009 (Doc. 6).  The state petition is 1,263 pages long, not counting exhibits.  See id. at 1.  Counting both the federal application and the incorporated state habeas petition, his federal filing is 1,315 pages long.

To better address Dombos' claims, the Honorable Gregory B. Wormuth, United States Magistrate Judge, ordered him to file an amended petition.  See Order, filed February 1, 2010 (Doc. 64).  Dombos was given forty-five days to file a petition which did not exceed fifty handwritten pages or twenty-seven typewritten pages in length, or incorporate other petitions.  See Order at 3.  The page limit did not apply to documents submitted as exhibits for evidentiary purposes.  See Order at 3.  In response to the Magistrate Judge's order, Dombos filed several pleadings which are somewhat overlapping.  See Petitioner Dombos' Objections to Order to Submit Amended Petition (Doc. 66); Motion for Time Extension (Doc. 67); Motion for Page Extension (Doc. 68); and Motion for Appointment of Counsel (Doc. 69).

## ANALYSIS

In his Objections to the Order, Dombos asks this Court to vacate the Order.  See Objections

to Order at 9.  He contends that he has complied with rule 8(a) of the Federal Rules of Civil

Procedure requiring a short and plain statement of the claim showing that the he is entitled to relief.

See Objections to Order at 5-6; Fed. R. Civ. P. 8(a).  Dombos argues that it would be impossible to

consolidate his petition into the fifty-page limit.  See Objections to Order at 7-8.  In his Motion for

Page Extension, Dombos asks for a larger page limit of two-hundred pages.  See Motion for Page

Extension at 3.  In his Motion for Time Extension, Dombos asks, if the Court overrules his

objections and denies his motion for an extension of the page limit, that the Court grant him a

ninety-day extension from the Court's decision to file an amended petition in accordance with the

Magistrate Judge's order.  See Motion for Time Extension at 3.

While the Objections, Motion for Page Extension, Motion for Time Extension were pending,

Dombos filed an amended petition.  See Amended Habeas Corpus Petition with Consolidated

Claims and Outline-ing [sic] the Factual Support for these Claims, filed March 15, 2010

(Doc. 70)("Amended Habeas Petition").  The amended petition is forty-four pages long, does not

incorporate any other pleading, and was filed forty-two days after the Magistrate Judge's order

-- within the forty-five day time limit.  See Amended Habeas Petition.

The Court need not decide, at this stage of the proceeding, whether the Order to File an

Amended Petition was a reasonable and proper exercise of discretion in this case.  The Court notes,

however, that the Magistrate Judge's order granted  Dombos almost twice the space permitted for

civil briefs under the Court's local rules.  See D.N.M.LR-Civ. 7.5 (stating that the length of filings

under 28 U.S.C. § 2254 "must not exceed twenty-seven (27) double-spaced pages").  Moreover,

while the Magistrate Judge's order prohibited incorporation of other pleadings, it did not limit the

amount of evidentiary material which could be submitted.  Finally, Dombos' ability to file an

amended petition within the established page limits demonstrates the feasibility of the consolidation. See Amended Habeas Petition.  Because Dombos has complied with the Magistrate Judge's order and has filed his amended petition under the fifty-page limit, the Court overrules Dombos' Objections as moot and denies his Motion for Page Extension at moot.  Given that Dombos filed his amended petition within the time period set forth in the Magistrate Judge's order, the Court will also deny Dombos' Motion for Time Extension as moot.

Finally, Dombos seeks appointment of counsel based upon the complexity of his case and his ill health.  See Motion for Appointment of Counsel at 3.  The Honorable Robert Hayes Scott, United States Magistrate Judge, denied Dombos' previous request for appointment of counsel.  See Motion for Appointment of Counsel, filed February 26, 2009 (Doc. 5); Order Denying Motion for Appointment of Counsel, filed March 4, 2009 (Doc. 9).  Dombos' renewed motion for appointment of counsel does not present any evidence that he has made efforts to obtain counsel from legal aid, legal services organizations, or individual attorneys without payment of a fee or on a contingent fee basis.  See Motion for Appointment of Counsel (Doc. 69).  The Court has discretion to appoint Dombos counsel.  See Espinoza v. Estep, 276 Fed. Appx. 781, 784 (10th Cir. 2008), cert. denied, 2008 U.S. LEXIS 5998 (2008).  Dombos has "no constitutional right to assistance of counsel in pursuit of habeas relief."  Espinoza v. Estep, 276 Fed. Appx. at 784 (10th Cir. 2008)(citing Swazo v. Wyo. Dept. of Corrs. State Penitentiary Warden, 23 F.3d 332, 333 (10th Cir. 1994)).  See Coronado v. Ward, 517 F.3d 1212, 1218 (10th Cir. 2008)(stating that "[t]here is no constitutional right to counsel beyond the direct appeal of a criminal conviction").  Dombos has demonstrated that, with direction from the Court, he is capable of sufficiently presenting his claims.  Moreover, it is not yet clear whether an evidentiary hearing is required.  See 28 U.S.C. § 2254 R.8.

Accordingly, the Court will deny Dombos' motion for appointment of counsel at this time.

**IT IS ORDERED** that (i) the Objections to Order to Submit Amended Petition are overruled as moot; (ii) the Motion for Time Extension is denied as moot; (iii) the Motion for Page Extension is denied as moot; and (iv) the Motion for Appointment of Counsel is denied without prejudice to Dombos renewing his request at an appropriate later time.

_____
UNITED STATES DISTRICT JUDGE

*Parties and Counsel:*

Frank J. Dombos
Western New Mexico Correctional Facility
Grants, New Mexico

     *Petitioner Pro Se*

Gary K. King
  Attorney General for the State of New Mexico
Margaret McLean
  Assistant Attorney General for the State of New Mexico

     *Attorneys for the Respondents*