IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

FRANK J. DOMBOS,

        Petitioner,

v.                                                                   CIV 09-0200-JB-GBW

JAMES JENECKA, Warden,
Lea County Correctional Facility,
and GARY KING, New Mexico
Attorney General,

        Respondents.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER is before the Court on Petitioner Frank Dombos' application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Since Mr. Dombos filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), its standards apply to this case. *E.g., Abdul-Kabir v. Quarterman,* 550 U.S. 233, 246 (2007); *DeLozier v. Sirmons,* 531 F.3d 1306, 1319 (10th Cir. 2008). After a careful review of the record and pleadings in this case, the Court concludes that Mr. Dombos has submitted both exhausted and unexhausted claims in his federal habeas petition and thus his application must be treated as a mixed petition.

## BACKGROUND

Following a three day jury trial beginning on February 21, 2005, Mr. Dombos was found guilty of the following crimes: (1) one count of False Imprisonment; (2) one count of Criminal Sexual Penetration; (3) one count of Interference with Communications; (4) two counts of Kidnaping; (5) two counts of Attempted Criminal Sexual Penetration; (6) three counts of Battery on a Household Member; and (7) one count of Criminal Sexual Penetration. *Doc. 60*, Ex. A.  For these crimes, Mr. Dombos was sentenced to a total term of fifty-nine and one half years on May 20, 2005. *Id.*

Mr. Dombos filed a timely Notice of Appeal on June 2, 2005, and on January 16, 2008, the Court of Appeals affirmed his conviction. *Doc. 60*, Exs. D & M.  Mr. Dombos then filed a petition for writ of certiorari on January 31, 2008, which the New Mexico Supreme Court denied on February 27, 2008. *Id.*, Exs. N & O.  Mr. Dombos filed his first state habeas petition on November 17, 2008. *Id.*, Ex. OO, Parts 1-61.[1]  That petition was stricken from the record by the district court. *Doc. 60*, Ex. II.  Mr. Dombos appealed the striking of his petition, but the New Mexico Supreme Court denied certiorari on January 15, 2009. *Doc. 60*, Exs. JJ, KK.  He then filed a second state habeas petition on February 6, 2009, but his

---

[1] This copy of Mr. Dombos' first state habeas petition shows a different file stamp date because it is the copy which was refiled with his second state habeas petition.  The original file stamped copy is unavailable having been stricken from the record by the trial court.  The date of the original filing, however, can be discerned from the Order Striking Pleading. *Doc. 60*, Ex. II.

2

application was denied on March 9, 2009. *R.P.* at 1157;[2] *Doc. 60*, Ex. QQ. Mr. Dombos sought certiorari review of that denial, but the New Mexico Supreme Court denied certiorari on April 2, 2009. *Doc. 60,* Exs. RR & SS.

Mr. Dombos filed the instant federal habeas application on February 26, 2009. *Doc. 1.* On September 8, 2009, this Court stayed the federal case because post-conviction proceedings were still pending in state court.[3] *See Doc. 45.* After the remaining state proceedings were concluded, this Court lifted the stay and issued an Order for Mr. Dombos to amend his petition.[4] He submitted his amended petition on March 15, 2010, and Respondents filed their answer on May 17, 2010. *Docs. 70 & 77.*

Mr. Dombos makes numerous claims in his federal habeas application. His claims can be broken down into three main categories: (1) prosecutorial misconduct; (2) ineffective assistance of counsel; and (3) trial court error. *See Doc. 70.* Before this Court may consider

---

[2] I have generally cited to the electronically filed exhibits which can be accessed from the docket. However, in certain circumstances because the electronic version was not file-stamped or could not be easily located, I cited to the Record Proper (*R.P.*). In the case of Mr. Dombos' second state habeas petition, the electronic version can be accessed at *Doc. 60,* Att. 75 at 35-42.

[3] After his direct appeal was completed but before his first state habeas petition was filed, Mr. Dombos filed a Motion for Post Conviction Relief for D.N.A. Testing. *Id.,* Ex. Q. That motion was denied on August 26, 2008. *Id.,* Ex. T. Mr. Dombos appealed that decision but the New Mexico Court of Appeals affirmed the denial on June 23, 2009. *Id.,* Ex. CC. Mr. Dombos then sought a writ of certiorari from the New Mexico Supreme Court for his D.N.A. petition but was denied certiorari on October 13, 2009. *See id.,* Exs. GG & HH.

[4] Mr. Dombos' first petition sought to incorporate by reference his state habeas petition which made his federal application approximately 1,315 pages long. The Order instructed Mr. Dombos to submit a petition not to exceed fifty handwritten pages or twenty-seven pages double-spaced. *See Doc. 64.*

3

his claims on the merits, I must first determine whether Mr. Dombos has properly exhausted all his claims in state court. 28 U.S.C. § 2254(b)(1)(A). Mr. Dombos bears the burden of showing that he exhausted his state court remedies. *See Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). In his Petition, Mr. Dombos does not address the issue of exhaustion.[5]

## **EXHAUSTION**

The long-standing requirement that a state habeas petitioner exhaust state remedies for every federal habeas claim remains after the passage of AEDPA:

> Congress has emphatically directed us that habeas petitioners seeking relief in federal court must first exhaust all available state court remedies - that is, unless doing so would be futile because of an absence of available State corrective process or because circumstances exist that render such process ineffective to protect the rights of the applicant. Under this requirement, federal district courts may not adjudicate mixed petitions for habeas corpus, that is, petitions containing both exhausted and unexhausted claims.

*Fairchild v. Workman*, 579 F.3d 1134, 1155 (10th Cir. 2009) (citations and quotations omitted); *see also O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999) ("The exhaustion doctrine, first announced in *Ex parte Royall*, 117 U.S. 241 (1886), is now codified at 28 U.S.C. § 2254(b)(1)"); *Allen v. Zavaras*, 568 F.3d 1197, 1201 n. 7 (10th Cir. 2009) (discussing mixed petitions). This rule remains because the State is to be given an "opportunity to pass upon and correct

---

[5] Respondents first contend that Mr. Dombos' claims are exhausted but then argue, in the alternative, that his Petition contains both exhausted and unexhausted claims. *Doc. 77* at 6.

alleged violations of its prisoners' federal rights."  *Baldwin v. Reese,* 541 U.S. 27, 29 (2004) (internal quotations omitted); *see also e.g., Wilson v. Workman,* 577 F.3d 1284, 1294 (10th Cir. 2009).

In order to satisfy the exhaustion requirement, "the prisoner must 'fairly present' his claim in **each appropriate state court (including a state supreme court with powers of discretionary review**), thereby alerting that court to the federal nature of the claim." *Baldwin,* 541 U.S. at 29 (emphasis added and citations omitted); *see also Anderson v. Harless,* 459 U.S. 4, 6 (1982).  Courts hold that there was "fair presentation" of a prisoner's claim when the "substance of the claim" was raised before the state court through a complete direct appeal or in a complete round of post-conviction proceedings. *E.g., Demarest v. Price,* 130 F.3d 922, 932 (10th Cir. 1997).

## ANALYSIS

A review of the record shows that Mr. Dombos fairly presented all of his prosecutorial misconduct and trial court error claims to the state courts through his direct appeal and then to the New Mexico Supreme Court through a writ of certiorari.  However, there is doubt as to whether his ineffective assistance of counsel claims were fairly presented, and thus exhausted, in the state court.  The Court examines this issue below.

I.     **Were Petitioner's Ineffective Assistance of Counsel Claims Exhausted?**

Mr. Dombos attempted to present his ineffective assistance of counsel claims in his

direct appeal, but the New Mexico Court of Appeals refused to rule on the merits of those claims directing Mr. Dombos to raise them in habeas corpus proceedings. *State v. Dombos*, 143 N.M. 668, 679 (N.M. App. 2008); *see also Doc. 60*, Ex. O (New Mexico Supreme Court affirming Court of Appeals without opinion). Specifically, the Court of Appeals found, "[a]s acknowledged by Defendant, the record on appeal does not provide enough information to evaluate adequately his attorney's actions. When this occurs, New Mexico courts have expressed a 'general preference that such claims be brought and resolved through habeas corpus proceedings.'" *Id.* (citations omitted). Raising ineffective assistance of counsel claims on direct appeal where the trial court record is not adequately developed to consider such claims does not satisfy the fair presentation requirement for federal habeas purposes. *See Ellison v. Rogers*, 484 F.3d 658, 660 (3rd Cir. 2007); *see also Akins v. Kenney*, 410 F.3d 451, 454 (8th Cir. 2005); *Castille v. Peoples*, 489 U.S. 346, 351 (1989) (holding that a "claim has been presented for the first and only time in a procedural context in which its merits will not be considered unless there are special and important reasons therefor, . . . [r]aising the claim in such fashion does not . . . constitute fair presentation" for purposes of the habeas exhaustion requirement). Consequently, Mr. Dombos' direct appeal did not fairly present his ineffective assistance claims to the state court.

Mr. Dombos filed a habeas petition in state court on November 17, 2008, which included numerous grounds for ineffective assistance of counsel. *R.P.* at 1159. That

petition was 1,263 pages in length and the district court struck it from the record for violating the requirement that a "petition set out a concise statement of the facts and the relief sought." *Id.* at 994 (*citing* N.M.R.A. § 5-802(B)(7) & (8)). The court ordered Mr. Dombos "to file an appropriately concise Petition." *Id.* Instead, Mr. Dombos filed a writ of certiorari to the New Mexico Supreme Court on December 29, 2008, in which he appealed the trial court's order striking his petition from the record. *Doc. 60*, Ex. JJ. The writ was denied on January 15, 2009. *Id.*, Att. 75 at 33.

After the New Mexico Supreme Court refused to overturn the district court's ruling on Mr. Dombos' first habeas petition, Mr. Dombos needed only to comply with the district court's order "to file an appropriately concise Petition" in compliance with N.M.R.A. § 5-802(B)(7) & (8). *Id.*, Ex. II. However, Mr. Dombos refused to do so. Instead, he filed a eight-page pleading (referred to herein as "second state habeas petition")[6] arguing that he could not file a petition more concise than his original 1,263 page petition. *R.P.* at 1157. This pleading described the categories of claims he sought to raise (including ineffective

---

[6] Throughout I have referred to this second filing as a "second state habeas petition." In one of his filings with the New Mexico Supreme Court, Mr. Dombos takes issue with such a characterization. He emphatically declares that the February 6, 2009, filing was a "Notice to the Court. . . . It was not - nor was it ever intended to be a 2nd writ of habeas corpus. I simply gave notice to the District Court, as I had – in my habeas corpus petition to it, and in my writ of certiorari – to this court – denied on 1-15-09, that for the judge to have stricken it from the record – after only reading the first 275 pages of it – was highly prejudicial to me, and did not give me a fair opportunity to have my federal claims – heard in state court." *Doc. 60*, Ex. RR at 3. If I accepted Mr. Dombos' view of this pleading, the conclusion that the ineffective assistance claims were not properly exhausted, as will be argued below, would be even stronger. So, despite his protestations, I have analyzed Mr. Dombos' case as if this pleading was a second state habeas petition.

7

assistance), but gave no factual support for his allegations nor did he specify the particular grounds for his claims. *See id.* at 1157-57(G). To this second state habeas petition, Mr. Dombos attached for re-filing his original 1,263 page habeas application for review. *See id.* at 1157(E). Unsurprisingly, the trial court denied this second petition because (1) the eight-page pleading did not independently provide factual support for his allegations of ineffective assistance and (2) the only arguable support provided by Mr. Dombos was through references to "his earlier Petition which has been stricken." *Doc. 60*, Ex. QQ. Mr. Dombos then filed a second request for a writ of certiorari from the New Mexico Supreme Court. *Doc. 60,* Ex. RR. This second request appealed the denial of his second state habeas application. *Id.*

In Mr. Dombos' instant federal habeas petition, he alleges not less than thirty-two separate grounds of ineffective assistance of counsel. *See Doc. 70.* Mr. Dombos' first state habeas petition, which was stricken by the district court, did allege each of these grounds with some factual support. As previously noted, however, the "substance of a federal habeas corpus claim" must have been presented to the highest state court in order to satisfy the fair presentation requirement. *Picard*, 404 U.S. at 278. So, the issue is whether either of Mr. Dombos' writ requests to the New Mexico Supreme Court fairly presented these

ineffective assistance claims.[7]

When considering whether an issue is fairly presented to a state's high court, the Supreme Court's holding in *Baldwin v. Reese*, 541 U.S. 27 (2004) is instructive. In *Baldwin*, the petitioner did not explicitly allege that one of his ineffective assistance of counsel claims violated federal law in his petition for discretionary review with the state high court. *Id.* at 29. The Ninth Circuit Court of Appeals, nonetheless, concluded that the petitioner had satisfied the "fair presentation" requirement because state supreme court had the opportunity to read the lower court's decision, which would have alerted them that the petitioner's claim rested on federal law. *Id.* The Supreme Court reversed, reasoning that "to say that a petitioner 'fairly presents' a federal claim when an appellate judge can discover that claim only by reading lower court opinions in the case is to say that those judges must read the lower court opinions. . . . In our view, federal habeas corpus law does not impose such a requirement. . . ." *Id.* at 31. The Court further explained that "[t]hose courts have heavy workloads, which would be significantly increased if their judges had to read through lower court opinions or briefs in every instance." *Id.* at 31-32.

The Seventh Circuit Court of Appeals has interpreted *Baldwin* to mean that the

---

[7] In fact, given that Mr. Dombos failed to **properly** file a concise petition setting out his ineffective assistance claims and the factual support thereof in the trial court, it appears Mr. Dombos did not even fairly present these claims to the trial court. However, because as described below, these claims were definitely not presented to the New Mexico Supreme Court, I have focused on the failure to exhaust before the appellate courts.

requirement of fair presentation "is not met if a judge must go outside the four corners of the document in order to understand the contention's nature and basis." *Lockheart v. Hulick*, 443 F.3d 927, 929 (7th Cir. 2006). More specifically, "[t]he argument must be placed in the petitioner's brief to the court." *Sturgeon v. Chandler*, 552 F.3d 604, 610 (7th Cir. 2009). At least two unpublished decisions in the Tenth Circuit support this "four corners" interpretation of *Baldwin*. *See Bethurum v. Zavaras*, 352 F. Appx' 260, 262 (10th Cir. Nov. 3, 2009); *see also Berg v. Foster*, 244 F. Appx' 239, 244 (10th Cir. Aug. 6, 2007) (citing *Baldwin* for the proposition that "ordinarily a state prisoner does not fairly present a claim to a state court if that court must read beyond a petition or a brief filed in that court to be made aware of the federal claim.") (quotations omitted). I find this interpretation of *Baldwin* persuasive and apply that standard to the case at hand.

In Dombos' first brief to the New Mexico Supreme Court for certiorari review, he did not include the factual bases or legal arguments for his ineffective assistance of counsel claims. *Doc. 60*, Ex. JJ. In fact, his appeal focused exclusively on the trial court's failure to consider and to ultimately strike his habeas petition. *Id.* None of his "Questions Presented For Review" dealt with the merits of his ineffective assistance claims. *Id.* at 2. Moreover, Mr. Dombos' prayer for relief was not for a ruling on the merits but instead "Petitioner pray[ed] that [the] court issue its writ of certiorari to the district court, and allow the original petition for writ of habeas corpus in its entirety to be read and given full

consideration on - 'as is' - and then have the district court rule on the merits, from what the petition contains." *Id.* at 12-13. So, in Mr. Dombos' first writ request to the New Mexico Supreme Court the merits of the ineffective assistance claims were not fairly presented to that court.

As described above, despite failing to persuade the New Mexico Supreme Court to overturn the striking of his first petition, Mr. Dombos refused to file a second, more concise, petition. Instead, he filed a seven-page pleading without any factual support for his claims and attached for re-filing his original 1,263 page habeas application for review. *See R.P.* at 1157(E). When the trial court denied this second petition for failing to provide support for his claims, Mr. Dombos sought another writ of certiorari from the New Mexico Supreme Court. *Doc. 60,* Ex. RR. In the brief of his second writ request, Mr. Dombos never even mentions his claims of ineffective assistance. Mr. Dombos simply attaches his original and stricken 1,263 page habeas petition and "prays that this court, finds the district court's, March 5th 2009 'Order Denying Habeas Corpus' – '<u>moot</u>' or grant such relief as may be appropriate." *Id.* at 7. Under *Baldwin* and *Berg*, failing to raise the ineffectiveness claims in the brief to the court means that Mr. Dombos did not fairly present such claims to the state court. The fact that Mr. Dombos attached the pleading that had been stricken by the trial court (when the striking was upheld by the New Mexico Supreme Court) does not cure this "fair presentation" failure. Ruling otherwise would deprive state courts of the

ability to enforce their own reasonable rules regarding proper pleading practice.

Because Mr. Dombos refused to comply with the order of the trial court to simply file a concise petition, he never fairly presented the ineffectiveness claims to the New Mexico courts. Thus, the New Mexico Supreme Court never had an opportunity to review the substance of Mr. Dombos' ineffective assistance of counsel claims. Consequently, the ineffective assistance claims are unexhausted. Given that Mr. Dombos' petition contains both exhausted and unexhausted claims, his petition is "mixed." *See Rose v. Lundy*, 455 U.S. 509, 510 (1982).

## II.     Treatment of "Mixed Petition":

Since Mr. Dombos has presented a "mixed petition" this Court has limited options regarding how to handle his habeas application. This Court may do one of four things: "(1) dismiss the mixed petition in its entirety . . . ; (2) stay the petition and hold it in abeyance while the petitioner returns to state court to raise his unexhausted claims . . . ; (3) permit the petitioner to dismiss the unexhausted claims and proceed with the exhausted claims . . . ; or (4) ignore the exhaustion requirement altogether and deny the petition on the merits if none of the petitioner's claims has any merit . . . ." *Fairchild*, 579 F.3d at 1156 (citations omitted).

Given the complexity of Petitioner's unexhausted ineffective assistance claims, they are not readily dismissed on the merits. Consequently, I do not believe it is appropriate to

review them and ignore the exhaustion requirement.  I will also not recommend dismissal of the case without prejudice.  AEDPA contains a one-year statute of limitations governing habeas claims.  *See* 28 U.S.C. § 2244(d).  Federal habeas petitions do not toll the limitations period.  *See Duncan v. Walker*, 533 U.S. 167, 181-82 (2001).  By the time the deadline for objections passes and the presiding judge rules on my recommendations, this suit will have been pending for almost a year and a half in federal court.  Because the AEDPA statute of limitation would not be tolled during that time, Petitioner's application would be time-barred were he to try and return to federal court.  *See, e.g., Rhines v. Weber*, 544 U.S. 269, 274-75 (2005) ("Although the limitations period is tolled during the pendency of a 'properly filed application for State post-conviction or other collateral review,' § 2244(d)(2), the filing of a petition for habeas corpus in federal court does not toll the statute of limitations") (*citing Duncan*, 533 U.S. at 181-82).  Thus, denying Mr. Dombos' petition would push this case well past the limitations period.

Similarly, the "stay and abeyance" mechanism is not appropriate in this case.  The Supreme Court has explained that the "stay and abeyance" method should only be available in instances where the petitioner can: (1) show good cause for failing to present the claims before the state court in the first instance; and (2) show that his unexhausted claims are not "plainly meritless."  *Rhines*, 544 U.S. at 277.  Here, Mr. Dombos' case was already stayed once to allow him to exhaust a Motion for D.N.A. Testing pending in state

13

court. *See Doc. 45.* Additionally, Mr. Dombos has presented no argument that there is "good cause" to excuse his failure to present his unexhausted claims to the state court and nothing in the pleadings before the Court point to the existence of requisite good cause. In fact, it appears that Mr. Dombos' refusal to comply with the state court's reasonable order is what has led to his claims being unexhausted.

In light of these considerations, I will recommend that this Court allow Petitioner the opportunity to amend his federal petition to delete the unexhausted claims. Mr. Dombos' pleadings are lengthy and drawn out. Therefore, instead of permitting him to file another federal petition, I believe that the best procedure would be to have Petitioner signify his deletion of those claims by a one-page document.

Of course, Petitioner may instead elect to return to state court to present his unexhausted claims. But, if he does, this federal habeas suit will be dismissed. Petitioner is hereby advised that, in such a circumstance, the federal habeas one-year limitations period would apply to all his claims, even those which are now exhausted and properly before this Court. *See generally Salazar v. Lemaster*, 130 F. App'x 208, 210 (10th Cir. 2005). In short, given the time that has elapsed already, the likely consequence of this option would be that all of Petitioner's federal claims would be time-barred.

## **CONCLUSION**

Petitioner has raised numerous grounds for relief that can be grouped into various

claims of prosecutorial misconduct, ineffective assistance of counsel, and trial court error. While some of Mr. Dombos' claims have been exhausted, none of his ineffective assistance of counsel claims were fairly presented to the New Mexico Supreme Court and thus those claims are unexhausted. Since Mr. Dombos presents this Court with a mixed petition, he should amend his federal petition to delete the unexhausted claims, or request this Court to dismiss his petition without prejudice so that he may exhaust those claims in state court.

**WHEREFORE, IT IS HEREBY RECOMMENDED THAT:**

(1) All of Mr. Dombos' ineffective assistance of counsel claims be found unexhausted and his federal petition "mixed;"

(2) If these proposed findings are adopted, Mr. Dombos be ordered to file a one-page certification stating that he has elected to delete his unexhausted claims, within thirty days of the District Judge's Order adopting these findings;

(3) If these proposed findings are adopted and Mr. Dombos fails to file a certificate to delete the unexhausted claims within thirty days of the District Judge's Order, he be put on notice that his Petition can be dismissed and that the AEDPA statute of limitations applies to all claims brought in this action.

---

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**

_____
UNITED STATES MAGISTRATE JUDGE