**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

FRANK J. DOMBOS,

                Petitioner,

vs.                                                                                       CIV 09-0200 JB/GBW

LUPE MARSHALL, Warden,
Western New Mexico Correctional Facility,
and GARY KING, New Mexico
Attorney General,

                Respondents.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on: (i) the Magistrate Judge's Proposed Findings and Recommended Disposition, filed June 23, 2010 (Doc. 81)("PFRD"); (ii) Petitioner Frank J. Dombos' Written Objection's [sic] to U.S. Magistrate Judge, Gregory B. Wormuth's "Proposed Findings and Recommended Disposition" (Document 81) in this 28 U.S.C. § 2254 Case, filed July 7, 2010 (Doc. 82)("Objections"); (iii) Supplemental Written Objection's [sic] to U.S. Magistrate Judge Gregory B. Wormuth's Proposed Findings and Recommended Disposition (Document 81) in this 28 U.S.C. § 2254 Case (and Attachments), filed July 7, 2010 (Doc. 83) ("First Supplement"); and (iv) Supplemental, with Attachment to the Proposed Finding's [sic], and Recommended Disposition of this 28 U.S.C. § 2254 Case, by Magistrate G.B. Wormuth, Document 81 (Written Objections to This), filed July 12, 2010 (Doc. 84)("Second Supplement"). Because Dombos appears in this case *pro se*, the Court construes his pleadings and submissions liberally, holding them to a less stringent standard than the standard to which a party represented by counsel is held. See Haines v. Kerner, 404 U.S. 519, 520-521 (1972); Hall v. Bellmon, 935 F.2d 1106, 1110

(10th Cir. 1991). The Court has carefully reviewed the objections *de novo* and finds that they lack a sound basis in law or in the case's facts. The Court, therefore, will overrule all of Dombos' Objections, and will adopt the Magistrate Judge's PFRD. See Garcia v. City of Albuquerque, 232 F.3d 760, 766-67 (10th Cir. 2000).

## I.     THE COURT WILL OVERRULE DOMBOS' OBJECTIONS.

In the PFRD, the Honorable Gregory B. Wormuth, United States Magistrate Judge, concluded that Dombos did not exhaust his ineffective-assistance-of-counsel claims. See PFRD at 12. In his first objection, Dombos argues that all his claims were exhausted. See Objections at 1-2. Dombos cites to the initial Answer where Respondents Lupe Marshall and Gary King "submit[ted that] Petitioner's claims have been exhausted." Objections at 2 (citing Respondents' Answer to Petition for Writ of Federal Habeas Corpus (28 U.S.C. § 2254) at 9, filed December 9, 2009 (Doc. 60)("Answer")). The Court construes this objection as an argument that the Respondents have waived the exhaustion issue or that they are judicially estopped from raising the exhaustion issue now.

In the Respondents' Answer to Dombos' original petition, they expressly deny waiving the exhaustion issue. See Answer at 10 ("Respondents do not expressly waive the exhaustion requirement based on the current status of the record and the proceedings."). After the Respondents filed their Answer, Dombos filed an Amended Habeas Petition, asserting new issues that were not raised in his original petition. See Amended Habeas Corpus Petition with Consolidated Claims and Outline-ing [sic] the Factual Support for These Claims, Pursuant to Magistrate Judge's [sic] Gregory B. Wormuth's Order (Document 64), filed March 15, 2010 (Doc. 70). Dombos' reliance upon the Respondents' Answer to the original petition as opposed to the Answer to the Amended Habeas Petition is improper. When a petitioner files an amended complaint, the new complaint supersedes

all previous complaints and controls the case from that point forward.  See Mooring Capital Fund, LLC v. Knight, No. 09-6075, 2010 U.S. App. LEXIS 15114, at * 24 (10th Cir. July 22, 2010)("An amended complaint supersedes a prior complaint 'and renders it of no legal effect.'")(quoting Davis v. TXO Prod. Corp., 929 F.2d 1515, 1517 (10th Cir. 1991)).  "Because a plaintiff's new complaint wipes away earlier pleadings, the amended complaint opens the door for defendants to raise new and previously unmentioned affirmative defenses."  Massey v. Helman, 196 F.3d 727, 735 (7th Cir. 1999).  See Harris v. Sec'y, U.S. Dep't of Veterans Affairs, 126 F.3d 339, 343 n.2 (D.C. Cir. 1997); Sidari v. Orleans County, 174 F.R.D. 275, 283 (W.D.N.Y. 1996)(filing of an amended complaint gives defendants the opportunity to assert new affirmative defenses).[1]  When deciding, therefore, whether the Respondents have waived the exhaustion defense, the Court will review the Answer to the Amended Habeas Petition.  In that Amended Answer, the Respondents assert that: "[I]n the alternative, Petitioner submits a mixed petition because several new issues are raised that were not presented to the state courts. . . .  Respondents do not expressly waive the exhaustion requirement based on the current status of the record and the proceedings."  Respondents' Answer to Amended Petition for Writ of Federal Habeas Corpus (28 U.S.C. § 2254) at 6-7, filed May 17, 2010 (Doc. 77)("Amended Answer").

It is well settled that, "[a]lthough a State may waive exhaustion, such a waiver must be express and through counsel."  Williams v. Jones, 571 F.3d 1086, 1089 (10th Cir. 2009)

---

[1] The ability to raise previously unmentioned defenses after an amended complaint may not exist if the defense is one explicitly listed in rule 12(b) of the Federal Rules of Civil Procedure.  See Pruco Life Ins. Co. v. Wilmington Trust Co., 616 F. Supp. 2d 210, 214-16 (D.R.I. 2009)(holding that, unlike a failure to exhaust administrative remedies defense, rule 12(b) defenses, such as lack of personal jurisdiction, are not revived by filing of amended complaint if not raised in initial answer); Harris Bank Naperville v. Pachaly, 902 F. Supp. 156, 157-58 (N.D. Ill. 1995)(stating that an amended complaint does not allow a party to revive the defense of lack of personal jurisdiction if available previously).

(citing 28 U.S.C. § 2254(b)(3)).  In the Amended Answer, the Respondents raise the mixed petition/exhaustion argument and expressly denied waiving the exhaustion issue.  The Court, therefore, overrules Dombos' objection based on waiver of the exhaustion defense.

Dombos' second objection argues that the PFRD does not mention that Dombos objected to Judge Wormuth's Order, filed February 1, 2010 (Doc. 64), requiring him to submit an amended petition.  See Objections at 2-3.  He argues that his objections to the order are important to consider when addressing the exhaustion issue.  See Objection to the Magistrate's Order (Document 64) Filed On 2/1/2010 In This 28 U.S.C. § 2254 Proceeding, filed February 19, 2010 (Doc. 66).  Judge Wormuth considered Dombos' objections to that order in his April 6, 2010 Order, and overruled the objections.  See Order, filed April 6, 2010 (Doc. 72).  Moreover, Dombos filed an Amended Petition on March 15, 2010.  In any event, Dombos' earlier objections to the order requiring him to submit an amended petition are not relevant to the issue of exhaustion.  The Court, therefore, overrules Dombos' second objection.

In his third objection, Dombos raises several issues which the Court will address in the order presented.  Dombos first objects to the statement in the PFRD that "[i]n his Petition, Mr. Dombos does not address the issue of exhaustion."  Objections at 3-4; PFRD at 4.  In his Objections, Dombos contends that he would have addressed the issue if he had not been required to condense his Petition into fifty pages.  See Objections at 3-5.  A review of the PFRD, however, demonstrates that Judge Wormuth did not rely on Dombos' failure to address exhaustion as a basis for finding his ineffective assistance claims unexhausted.  The Court, therefore, overrules this portion of Dombos' third objection.  Dombos also appears to reiterate his argument that the Respondents waived the exhaustion defense.  To the extent that he raises again the waiver argument in his third objection, it is overruled for the reasons already stated.  Related to the waiver argument, Dombos also argues

-4-

that, if the Respondents raised any exhaustion defense, they did not assert the same exhaustion issues upon which Judge Wormuth relied. Specifically, Dombos notes that the Respondents pointed only to two issues as "new": (i) Dombos' claims about a Wells Fargo account; and (ii) his claims regarding the evidence about a white sweater. Objections at 6. See Amended Answer at 6. As the Court explained, waiver of an exhaustion defense must be explicit. While it is disappointing that the Respondents have repeatedly failed to identify for the Court genuine exhaustion issues, such failures do not constitute waiver. As long as the Respondents do not explicitly waive their exhaustion defenses, the Court may raise such defenses *sua sponte*. See United States v. Mitchell, 518 F.3d 740, 746 n.8 (10th Cir. 2008)("Sua sponte consideration of exhaustion of state remedies and nonretroactivity is explicitly permitted by Supreme Court precedent.")(citing Granberry v. Greer, 481 U.S. 129, 133 (1987), and Caspari v. Bohlen, 510 U.S. 383, 389 (1994)); Odum v. Boone, 62 F.3d 327, 333 n.2 (10th Cir. 1995). See also U.S. Aid Funds, Inc. v. Espinosa, 130 S. Ct. 1367, 1381 n.14 (2010)(noting that the Supreme Court has "held that courts have the discretion, but not the obligation, to raise on their own initiative certain nonjurisdictional barriers to suit.")(citing Granberry v. Greer, 481 U.S. at 134). In this case, the Respondents explicitly stated that they were not "waiv[ing] the exhaustion requirement based on the current status of the record and proceedings." Amended Answer at 6-7. Accordingly, the Court overrules Dombos' third objection.

In his fourth objection, Dombos objects to Judge Wormuth's finding that the New Mexico Court of Appeals refused to rule on the merits of his ineffective assistance of counsel claims during his direct appeal. See Objections at 7. He argues that, because the New Mexico Court of Appeals found that he had failed to make a prima facie showing of ineffective assistance of counsel, those claims were fairly presented during his direct appeal. See Objections at 7-9. The Court disagrees. It is the common practice of the New Mexico courts to defer reviewing the merits of ineffective

assistance of counsel claims until habeas proceedings.  See State v. Bernal, 140 N.M. 644, 652, 146 P.3d 289, 297 (2006)("Rather than remand the case to the trial court for further hearings, this Court has a general preference that such claims be brought and resolved through habeas corpus proceedings.").  The Supreme Court of New Mexico has stated:

> When an ineffective assistance claim is first raised on direct appeal, we evaluate the facts that are part of the record.  If facts necessary to a full determination are not part of the record, an ineffective assistance claim is more properly brought through a habeas corpus petition, although an appellate court may remand a case for an evidentiary hearing if the defendant makes a prima facie case of ineffective assistance.

State v. Roybal, 132 N.M. 657, 663, 54 P.3d 61, 67 (2002).

When reviewing Dombos' direct appeal of his convictions, the New Mexico Court of Appeals expressly held that "the record on appeal does not provide enough information to evaluate adequately [Dombos'] attorney's actions."  State v. Dombos, 143 N.M. 668, 679, 180 P.3d 675, 686 (Ct. App. 2008).  Dombos mistakenly believes that this holding was a ruling "on the merits of [his] ineffective assistance of counsel claims" and, therefore, those claims were fairly presented.  Objections at 8.  Because the record on appeal did not provide enough information to evaluate Dombos' ineffective assistance claims, raising them at that time did not give the New Mexico court "a fair opportunity to apply controlling legal principles to the facts bearing upon [the petitioner's] constitutional claim."  Wilson v. Workman, 577 F.3d 1284, 1294 (10th Cir. 2009).  See Castille v. Peoples, 489 U.S. 346, 351 (1989)(holding that, "where the claim has been presented [in the state court] for the first and only time in a procedural context in which its merits will not be considered unless there are special and important reasons therefor, . . . [r]aising the claim in such fashion does not . . . constitute fair presentation" for purposes of the habeas exhaustion requirement); Ellison v. Rogers, 484 F.3d 658, 660 (3d Cir. 2007)(raising ineffective assistance of counsel claims on direct

appeal where the trial court record is not adequately developed to consider such claims does not satisfy the fair presentation requirement for federal habeas purposes). Thus, that Dombos raised his ineffective assistance claims on direct appeal does not satisfy the exhaustion requirement. The Court therefore overrules Dombos' fourth objection.

Dombos' remaining objections involve his frustration with the state court's decision to strike his 1,263-page habeas pleading from the record. See Objections at 9-19. Dombos contends that his claims were fairly presented through that pleading at all levels to the New Mexico courts during collateral review. See Objections at 9-10. He also argues that Judge Wormuth did not mention certain steps that Dombos took in attempting to bring his claims before the state court and objects to Judge Wormuth not mentioning certain pleadings Dombos filed. See Objections at 13-17. Dombos misunderstands what constitutes fair presentation in state court for the purposes of bringing his claims now before the federal Court. To have fairly presented his claims, he was required to adhere to the state court's rules and requirements regarding pleading standards. See Ogden v. San Juan County, 32 F.3d 452, 455 (10th Cir. 1994)(stating that a litigant's *pro se* status does not excuse his obligation to comply with the procedural requirements of the court). That Dombos detailed his ineffective-assistance-of-counsel claims in a 1,263-page pleading that was stricken from the record by the state court does not constitute fair presentation. See Baldwin v. Reese, 541 U.S. 27, 31 (2004)(indicating that an issue is not fairly presented to the state court if consideration of the issue "would force state appellate judges to alter their ordinary review practices"). As Judge Wormuth explained: "Mr. Dombos needed only to comply with the district court's order 'to file an appropriately concise Petition' in compliance with N.M.R.A. § 5-802(B)(7) & (8)." PFRD at 7. Dombos failed to do so and instead filed an eight-page pleading containing no factual support for his general allegation of ineffective assistance of counsel, nor specifying the particular grounds for

his claims, and attached his previously stricken 1,263-page original petition.  That pleading did not fairly alert the state court of the substance of the ineffective assistance of counsel claims he seeks to bring now before the Court.  Because Dombos refused to comply with the state court's order to file a concise petition, he never fairly presented his ineffective-assistance-of-counsel claims to the New Mexico courts, and to rule otherwise would deprive the state courts of the ability to enforce its reasonable rules regarding proper pleading practice.  See Coleman v. Thompson, 501 U.S. 722, 732 (1991)(stating that "a habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address those claims in the first instance.").

   Moreover, Dombos did not fairly present his ineffective-assistance-of-counsel claims to the Supreme Court of New Mexico when he sought certiorari review.  As Judge Wormuth pointed out, a petitioner has not fairly presented claims to a state's high court when that court is required to go outside the four corners of a petitioner's brief in order to understand the nature of the claims being brought.  See PFRD at 9-10 (discussing the holdings of Baldwin v. Reese and Lockheart v. Hulick, 443 F.3d 927, 929 (7th Cir. 2006)).  Thus, Dombos' attempt to mail to the Supreme Court of New Mexico his original, stricken 1,263-page state petition did not constitute fair presentation of any of the claims contained therein.  Accordingly, the Court will overrule Dombos' remaining objections. The remainder of Dombos' objections do not focus on whether his ineffective assistance claims were exhausted, but rather focus on the merits of his claims.  Judge Wormuth explained that, before the Court may conduct a merits review, it must address the issue of exhaustion.  Because the remaining objections deal with issues outside the scope of exhaustion which the Court does not reach, they are overruled.

**II.     THE COURT WILL OVERRULE DOMBOS' SUPPLEMENTAL OBJECTIONS.**

Dombos also filed two supplements along with his Objections. See First Supplement (Doc. 83) & Second Supplement (Doc. 84). In his First Supplement, Dombos objects that Judge Wormuth did not address his separate counts of ineffective assistance of appellate counsel and contends that those claims were exhausted in state court. See First Supplement at 2-5. In support of this contention, Dombos attaches an Order from the New Mexico Court of Appeals, in which the state court refused to remove Dombos' appellate counsel. See First Supplement at 6-7. That Dombos requested a different appellate counsel from the one appointed to represent him does not constitute "fairly presenting" a claim of ineffective assistance of appellate counsel. This claim is yet another claim that Dombos failed to fairly present through one full round of review in state court. Thus, it is immaterial that Judge Wormuth did not specifically identify Dombos' ineffective-assistance-of-appellate-counsel claims in the PFRD, and the Court overrules the objection. The remaining objections in Dombos' First Supplement lack a sound basis in law or in the facts of the case. They repeat objections the Court has already addressed and do not address the issue of exhaustion. The Court, therefore, overrules all objections Dombos raises in his First Supplement.

In Dombos' Second Supplement he attaches a letter from the Supreme Court of New Mexico to his brother. See Second Supplement at 4. Dombos argues that his brother sent the Supreme Court of New Mexico a box containing his original habeas petition while his first request for a writ of certiorari was pending. See Second Supplement at 2-3. He contends that, as a result of his brother sending the box, the Supreme Court of New Mexico was fully advised of his ineffective-assistance-of-counsel claims. The Court has already outlined the proper procedure for fair presentation and explained why Dombos' pleadings on collateral review do not meet the

standard.  Thus, the Court overrules the objection that Dombos raises in his Second Supplement.

In sum, none of Dombos' claims of ineffective assistance of counsel were fairly presented in state court and, therefore, these claims are unexhausted.  The Court adopts Judge Wormuth's PFRD on this matter.  Dombos will be required to either (i) amend his federal petition to delete his unexhausted ineffective-assistance-of-counsel claims, see Rhines v. Weber, 544 U.S. 269, 278 (2005)(holding that a court presented with a mixed habeas petition "should allow the petitioner to delete the unexhausted claims and to proceed with the exhausted claims . . . ."); or (ii) elect to return to state court to present his unexhausted claims.  Should Dombos elect to delete his unexhausted claims, he should signify that deletion by filing a one-page document with the Court indicating that election.  If Dombos instead decides to return to state court to exhaust his ineffective-assistance-of-counsel claims, the Court will dismiss his federal habeas petition.  Dombos should understand that, if he thereafter attempts to refile a federal habeas petition, the one-year limitations period would be applied to all his claims, even those that are now exhausted and properly before this Court. See Salazar v. Lemaster, 130 Fed. Appx. 208, 210 (10th Cir. 2005).  Under this choice, therefore, it would be very likely that his entire second federal petition would be denied as time-barred.

**IT IS ORDERED** that: (i) Petitioner Frank J. Dombos' Objections (Doc. 82) and the objections in his First Supplement (Doc. 83) and Second Supplement (Doc. 84) are overruled; (ii) the Magistrate Judge's Proposed Findings and Recommended Disposition is adopted; (iii) because Dombos presents the Court with a "mixed" petition, if he wishes to pursue his current Amended Petition, he must file a one-page certification stating that he has elected to delete his ineffective-assistance-of-counsel claims within thirty days of entry of this order; and (iv) if Dombos fails to file a certificate to delete the unexhausted claims within thirty days of this order, he will be deemed to have elected to return to state court to present his unexhausted claims, and the Court will

dismiss his Amended Petition.

_____
UNITED STATES DISTRICT JUDGE

*Parties and counsel:*

Frank J. Dombos
Western New Mexico Correctional Facility
Grants, New Mexico

    *Plaintiff pro se*

Gary K. King
  New Mexico Attorney General
Margaret E. McLean
  Assistant Attorney General
New Mexico Attorney General's Office
Santa Fe, New Mexico

    *Attorneys for the Defendant*