IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

FRANK J. DOMBOS,

        Petitioner,

v.                                                                                                       CIV 09-0200-JB-GBW

JAMES JENECKA, Warden,
Lea County Correctional Facility,
and GARY KING, New Mexico
Attorney General,

        Respondents.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** is before the Court on Petitioner Frank Dombos' Motion for Hearing, (*Doc. 100*), filed October 12, 2010, and Affidavit, (*Doc. 101*), filed October 18, 2010. Because Dombos appears in this case *pro se*, the Court construes his pleadings and submissions liberally, holding them to a less stringent standard than is required of a party represented by counsel. See *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Construing his pleadings liberally, the Court interprets Dombos' Affidavit as a motion to recuse the undersigned pursuant to 28 U.S.C. § 144 and 28 U.S.C. § 455.[1] For the reasons described below, I recommend the motion be denied.

---

[1] The motion/affidavit specifically raises 28 U.S.C. § 144, but does not raise 28 U.S.C. § 455. However, construing his pleadings liberally, I will consider the

## APPLICABLE LAW

Title 28 U.S.C. § 144 provides a procedure that allows a party to a proceeding to request the judge before whom the matter is pending to recuse himself based upon personal bias or prejudice either against the moving party or in favor of any adverse party. Section 144 requires the moving party to submit a timely and sufficient affidavit of personal bias and prejudice. *See Green v. Branson*, 108 F.3d 1296, 1305 (10th Cir. 1997). "The affidavit must state with required particularity the identifying facts of time, place, persons, occasion, and circumstances." *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987). Although the Court must accept the facts alleged in the supporting affidavit under § 144 as true, the affidavit is construed strictly against the moving party. *See Glass v. Pfeffer*, 849 F.2d 1261, 1267 (10th Cir. 1988). "The bias charged must be of a personal nature and must be such as would likely result in a decision on some basis other than what the judge learned from his participation in the case." *U.S. v. Irwin*, 561 F.2d 198, 200 (10th Cir. 1977).

Title 28 U.S.C. § 455(a) provides that a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." The goal of this provision is to avoid even the appearance of partiality. *See Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 860 (1988). Pursuant to § 455, the Court is not required to accept all factual allegations as true "and the test is whether a reasonable person, knowing

---

motion/affidavit as raising both recusal statutes.

all the relevant facts, would harbor doubts about the judge's impartiality." *Glass*, 849 F.2d at 1268 (internal quotation marks omitted). The standard is completely objective and the inquiry is limited to outward manifestations and reasonable inferences drawn therefrom. *See United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993).

## ALLEGATIONS

Dombos' allegations of bias arise exclusively out of orders I have filed in his case. He first takes issue with the following language in my Order denying one of his motions to supplement the record – "Further, it appears that Petitioner's request stems from a belief that he is entitled to correct errors of fact regarding his state court trial." *See Doc. 94* at 1. Dombos objects to this characterization and asserts that he has never asked, or wanted this Court to re-litigate his state criminal trial or correct errors of fact pertaining to his state court trial. *Doc. 101* at 1-2. Aside from disagreeing with my characterization of his argument, Dombos provides no evidence of bias or prejudice.

Dombos also points to the fact that I did not note in my Proposed Findings and Recommended Disposition (PFRD) his assertion of the "miscarriage of justice exception."[2]

---

[2] The miscarriage of justice exception applies to claims that are deemed procedurally defaulted by petitioners. *See Edwards v. Carpenter*, 529 U.S. 446, 451 (2000). In the PFRD, I did not conclude that Dombos' claims had been procedurally defaulted. *See Doc. 81*. Rather, I concluded that his ineffective assistance of claims were unexhausted. *Id.* Therefore, the miscarriage of justice exception was not relevant to the PFRD's analysis. To the extent Dombos meant to assert a freestanding actual innocence claim, I addressed that issue in my latest PFRD. *See Doc. 104* at 30-31.

*Id.* at 5-6 (referring to *Doc. 81*). Dombos concludes that "to have made <u>no</u> mention of this highly important issue, to the court is highly prejudicial and bias to me, in these proceedings." *Id.* at 6 (emphasis in original). Aside from disagreeing with the omission of this issue from the PFRD, Dombos provides no evidence of bias or prejudice.

Finally,[3] Dombos contends that my denial of his motions to supplement are "very bias[ed] and prejudicial . . . ." *Id.* at 15. Relatedly, he disputes my conclusion that the merits of his claims can be evaluated without additional supplements to the record. *Doc. 101* at 14 (referencing *Doc. 94*). Aside from disagreeing with my ruling on the motion to supplement, Dombos provides no evidence of bias or prejudice.

## **ANALYSIS**

Under either § 144 or § 455, Dombos' motion to recuse is without merit. To warrant recusal under § 144, the "bias charged must be of a personal nature and must be such as would likely result in a decision on some basis other than what the judge learned from his participation in the case." *Irwin*, 561 F.2d at 200. Dombos' motion/affidavit contains not a single allegation of a basis of bias against him other than what I have learned from my participation in his case. Moreover, every item to which Dombos points to show my alleged prejudice against him comes from an order with which he disagrees. "The fact that

---

[3] The remainder of Dombos' 19-page motion/affidavit reargues the merits of his habeas claims and contains no further specific allegations of bias, let alone evidentiary support thereof.


a judge has previously rendered a decision against a party is not sufficient to show prejudice." *Id.* In fact, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994). Dombos' motion/affidavit is plainly inadequate to establish bias or prejudice warranting recusal under section 144.

Similarly, Dombos has failed to bring forth any facts that would call into question my impartiality as required by § 455. Dombos simply points to rulings with which he disagrees and argues why the rulings were incorrect. *See Hinman*, 831 F.2d at 939 ("conclusions, rumors, beliefs, and opinions are not sufficient to form a basis for disqualification"). Dombos has failed to show that a reasonable person, knowing all the relevant facts, would harbor doubts about my impartiality. *Glass*, 849 F.2d at 1268. Therefore, there is no basis for recusal under section 455.

Dombos' allegations are insufficient as a matter of law, so no evidentiary hearing is necessary. Accordingly, I recommend his motion to recuse, whether it be brought under section 144 or 455, be denied.

**WHEREFORE, IT IS HEREBY RECOMMENDED THAT:**

Dombos Motion for Hearing (*Doc. 100*) and Motion to Recuse (*Doc. 101*) be denied.

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS[4] OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

_____
UNITED STATES MAGISTRATE JUDGE

---

[4] Pursuant to an earlier Order (*Doc. 102*), Dombos will be permitted an additional 3 days (i.e. 17 days from service) to file his objections.