IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

FRANK J. DOMBOS,

        Petitioner,

v.                                        CIV 09-0200-JB-GBW

JAMES JENECKA, Warden,
Lea County Correctional Facility,
and GARY KING, New Mexico
Attorney General,

        Respondents.

## ORDER

This matter comes before the Court upon a review of the record and the outstanding motions filed by Petitioner. In light of the contemporaneous Report and Recommendation filed by this Court *(Doc. 142)*, the Court will address each of these in turn.

## PETITIONER'S MOTIONS

**1.**    **Motion to Appoint Counsel** *(Doc. 108)*

This Court has repeatedly denied Petitioner's motions for appointment of counsel. *Docs. 9, 72, 108*. Nothing in this particular Motion dictates a different result. Moreover, Petitioner continues to present his claims adequately. While the undersigned has recommended dismissal of the Petition, I am not persuaded that appointed counsel could

-1-

overcome the legal failings of the Petition.  Therefore, the Court will **DENY** this Motion.

**2.     Motion to Dismiss Amended Petition and Proceed on Original Petition (Doc. 112)**[1]

Ostensibly, Petitioner's next Motion seeks the dismissal of his Amended Petition for the purposes of proceeding upon his Original Petition.  *Doc. 112.*  Petitioner's original Petition was 1263-pages long.  Because it exceeded rules relating to page limits, Petitioner was ordered to submit an Amended Petition which was no longer than 50 handwritten pages. *Doc. 64.*  Notwithstanding the page limit for argument, Petitioner was permitted to attach any number of exhibits for evidentiary purposes.  *Id.*  Petitioner complied with the Order and Judge Browning overruled his Objections to the Order.  *Doc. 72.*  Petitioner presents no persuasive reason why the Court should revisit this issue now.

Furthermore, this Court has allowed Petitioner to supplement the record with any additional evidence that he desired.  As a result, whatever Petitioner could add to the federal record has been added and duly considered by this Court.  For that reason, the Court will **DENY** this Motion.

**3.     Motion to Submit Exhibit *(Doc. 114)*[2]**

In keeping with many of Petitioner's recent filings, his Motion to Submit Exhibit

---

[1]     The title given by Petitioner to this Motion is considerably longer.  Having distilled its meaning, this caption seems appropriate.

[2]     This title, also, has been the abbreviated by this Court.

seeks to supplement the record.  *Doc. 114.*  Particularly, this Motion seeks to add several pages of booking materials to this Court's review.  Although Petitioner filed this Motion before District Judge James Browning and this Court provided for additional supplementation, in keeping with the intent of that Order, the Court reviewed and considered this documentation when drafting the contemporaneously filed Report and Recommendation.

However, after the Court's review of these materials, the Supreme Court has held that review under §2254(d) is limited to the record that was before the state court that adjudicated the claim on the merits.  *Cullen v. Pinholster*, 562 U. S. ___ , ___ (2011) (slip op., at 9).  It does not appear that the booking documents attached to this Motion were included in the record before the state court.  As such, these items are not relevant to this Court's review of the Petition.

Consequently, the Court must **DENY** this Motion.

### 4.      Motion for Brief Continuance *(Doc. 125)*

This Motion seeks additional time to file a response to Respondents' "Notice RE: Opinions Issued by the United States Supreme Courts."  *Id.* at 2; *see doc. 132.*  Petitioner explains that he needs to obtain copies of the opinions to which the Notice alerts the Court.  Petitioner is advised that the Notice does not require a response.  Therefore, the Court **DENIES** this Motion.  Nonetheless, the Court will attach copies of those opinions to this

Order so that Petitioner might utilize the opinions as he drafts his objections.

5.      **Motion to Correct Order** *(Doc. 130)*

In this Motion, Petitioner takes issue with a statement in the Court's Order to Supplement the Record. *Doc. 129*. The Order came after Judge Browning permitted Petitioner to supplement the record by a particular date. *Doc. 127*. The Order, which was an attempt to expedite matters and assist Petitioner, directed the State to produce the <u>tape</u> of the interview of E. Dombos, because the Court was aware that Petitioner did not possess the <u>tape</u> of the interview. *Doc. 129* at 2. Petitioner believes that this statement needs to be corrected because a transcript of the E. Dombos was attached as an exhibit to Respondent's Answer. Petitioner misreads the Court's Order which was directed at the tape itself as opposed to the transcript. The Court was and is aware of the interview transcript and it has been considered in preparation of the Reports and Recommendations in the case. Consequently, the Court will **DENY** this Motion.

6.      **Motion to Order the Production of Evidence** *(Doc. 135)*

In this Motion, Petitioner seeks to compel the production of multiple items. First, Petitioner prays the Court compel the production of the videotape introduced at his trial. *Doc. 135* at 2. Next, Petitioner requests that the Court compel production of crime scene photographs and videotape taken of his New Mexico residence. *Id.* at 4. Lastly, Petitioner beseeches this Court to compel production of a bail bond receipt related to his arrest for

domestic violence in Arizona.  *Id.* at 3-4.  For the reasons that follow, the Court will deny this Motion.

As an initial matter, the Court has already ordered the production of several materials requested by Petitioner.  Specifically, on February 9, 2011, this Court ordered Respondents to produce the videotape introduced at Petitioner's trial and crime scene photographs for the Court's review.  *Doc. 129.*  These items have been produced by Respondents.  *Doc. 132.*  Thus, there is no need to compel their production at this time.

As to the "crime scene" videotape, the Court finds that the videotape would be duplicative of the crime scene photographs and, thus, unnecessary for a review of Petitioner's claims.  Moreover, a review of the record demonstrates that the police scene video was never part of the state record.  As such, that video should not be part of the Court's review. *See Cullen*, 562 U.S. __ at 9.  Therefore, I will not compel its production.

Finally, regarding the bail bond receipt, Petitioner seeks this item because it would supposedly undermine E. Dombos' testimony that she did not know a particular person. *Doc. 135* at 3-4.  Even assuming the receipt would impeach E. Dombos, Petitioner does not assert that the prosecutor was somehow aware of the alleged inconsistency.  Therefore, the receipt cannot support Petitioner's remaining claim of willful prosecutorial misconduct. Consequently, the receipt need not be produced because it is irrelevant for the Court's current review.  Moreover, it is apparent that the receipt was not part of the "record that

was before the state court that adjudicated the claim on the merits." *Cullen*, 562 U.S. __ at

9.  As such, the receipt should not be part of the Court's review.  Therefore, I will not

compel its production.

Thus, the Court **DENIES** this Motion.

7.      **Motion for Production of Evidence** *(Doc. 139)*

In this Motion, Petitioner seeks copies of items submitted to the Court by

Respondents.  Petitioner initially only prays that this Court order Respondents "to send

[Petitioner] color copies of the (70) police scene photographs it sent this Court." *Doc. 139*

at 2.  Later, the prayer for relief expands to request "production of the 2-21-2004 audio-tape

[sic] of the interview of [E.] Dombos . . . with Deputy Lisa Delorm [sic]," as well as "the

police scene video-tape [sic], taken on 2-21-04, of [Petitioner's] real N.M. residence" for the

Court to review.

As mentioned above, this Court is not going to order the production of a crime scene

videotape.  Thus, there is no need for a copy to be sent to Petitioner.

Respondents have averred that they have been unable to obtain a copy of the audio

tape of the E. Dombos interview.  *Doc. 132*.  Instead, they point to the transcript of the

interview which is attached to their Answer.  *Id.*; *Doc. 60*, Ex. OO.  Petitioner has received

a copy of this transcript[3] and, thus, there is no need for another copy to be sent to Petitioner.

Hence, as to these requests, the Court **DENIES** Petitioner's Motion **IN PART**.

Having resolved those requests, Petitioner's only remaining prayer regards the production of seventy (70) copies of crime scene photographs for his review. The Court finds not only that this request is reasonable and relevant, but that the production of the same copies of the crime scene photographs produced for the Court's review will aid Petitioner in drafting whatever objections he may have to the Court's most recent Report and Recommendation. Consequently, as to this request, the Court **GRANTS** Petitioner's Motion **IN PART**.

8.      **Objections to Respondent's Notice and Motion to Strike** *(Doc. 140)*[4]

Petitioner's final outstanding Motion repeats requests dealt with in the motions described above and asks that the Court strike a portion of Respondents' "Notice Re: Filing of Tape, Interview Transcript and Police Scene Photographs; and Notification of Victim's Death." *Doc. 140* at 1-4; *see doc*. 132. Specifically, Petitioner takes issue with the Respondents' notification to the Court of the death of E. Dombos. As this notification did not and does not affect the Court's analysis of the Petition, striking the notification is

---

[3]   In fact, Petitioner specifically refers to this transcript in his Motion to Correct. *Doc. 130.*

[4]      This title is an abbreviation of the styling accorded by Petitioner.

unnecessary.  Accordingly, the Court **DENIES** this Motion.

<u>CONCLUSION</u>

The Court **HEREBY ORDERS THE FOLLOWING:**

1.      Petitioner's Motion to Appoint Counsel *(Doc. 108)* is **DENIED**;

2.      Petitioner's Motion to Dismiss Amended Petition and Proceed on Original

Petition *(Doc. 112)* is **DENIED**;

3.      Petitioner's Motion to Submit Exhibit *(Doc. 114)* is **DENIED**;

4.      Petitioner's Motion for Brief Continuance *(Doc. 125)* is **DENIED**;

5.      Petitioner's Motion to Correct Order *(Doc. 130)* is **DENIED**;

6.      Petitioner's Motion to Order the Production of Evidence *(Doc. 135)* is

**DENIED**;

7.      Petitioner's Objections to Respondent's Notice and Motion to Strike *(Doc.*

*140)* is **DENIED**; and

8.      Petitioner's Motion for Production of Evidence *(Doc. 139)* is **GRANTED IN**

**PART AND DENIED IN PART.**  Respondents shall mail color copies of the

photographs provided to the Court at *doc. 132* no more than two days after

the date of this Order.

**IT IS SO ORDERED.**

_____
UNITED STATES MAGISTRATE JUDGE