IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

FRANK DOMBOS,

    Petitioner,

v.                                                      Civ. 09-200 JB/GBW

JAMES JANECKA, Warden,
Lea County Correctional Facility,
GARY KING, New Mexico Attorney
general,

    Defendants.

## ORDER REOPENING THE TIME TO FILE AN APPEAL

THIS MATTER is before the Court on Petitioner's Motion to Reopen the Time to File Appeal ("Motion to Reopen"), (*doc. 164*), and Petitioner's Motion for Relief from Judgment, (*doc. 165*).[1] Because the Court accepts that Petitioner did not timely receive notice of the final judgment and finds that to be an ample justification for reopening the time within which to notice an appeal, the Court will grant the former and deny the latter as moot.[2]

---

[1] Petitioner has also sent other letters to the Court which are related to the instant motions. *See, docs. 155, 156, 159, 160, 167.*
[2] Insofar as the Motion for Relief from Judgment could be construed as actually seeking reversal or alteration of the final judgment, the Court finds that Petitioner has offered no basis for that action. Even read liberally, nothing within the filing beyond the title distinguishes its relief sought from the Motion to Reopen. Rather, Petitioner himself explains that he filed the second motion "in order to be able to appeal th[e] Final Judgement [sic] . . . ." *Doc. 165* at 2. Thus, the Court will treat the Motions as identical and will deny the second of the two filings as moot.

## *Background*

Frank Dombos ("Petitioner") filed his petition for a writ of *habeas corpus* with this Court in February 2009. *Doc. 1.* On March 2, 2009, this matter was referred to Magistrate Judge Scott for recommended findings and final disposition. *Doc. 2.* The case was subsequently reassigned to me for the same. *Doc. 22.*

On April 5, 2011, I issued proposed findings and a recommendation that the petition be dismissed. *Doc. 142.* Petitioner objected to those filings. *Doc. 152.* On September 30, 2011, the presiding judge in this matter overruled Petitioner's objections and issued a final judgment dismissing the petition. *Docs. 157, 158.* Petitioner initiated an appeal of that judgment by filing a Notice of Appeal on January 17, 2012. *See doc. 161.* On January 18, 2012, the Clerk of Court for the United States Court of Appeals for the Tenth Circuit issued an order directing Petitioner to "serve and file a memorandum brief on the . . . jurisdictional issue[ of w]hether th[e Tenth Circuit] has jurisdiction where the notice of appeal was filed . . . more than 30 days after entry of final judgment . . . " Tenth Circuit PACER, Case No. 12-2004, Doc. 01018779357.

In the time leading up to and following the issuance of the final judgment, Petitioner sent the Clerk of this Court several letters requesting updates on the status of his case and asserting that he was not receiving documents filed by the Court. *See generally docs. 155, 156, 159, 160, 167.* After the Tenth Circuit ordered Petitioner to provide his briefing on the jurisdictional matter, Petitioner filed the instant motions

2

with this Court.  *See docs. 164, 165.*  Although Petitioner has used different titles for the motions, both assert the same basis and request for relief.  *See id.*  Specifically, both Motions ask that this Court acknowledge that Petitioner did not receive documents in this matter until January 12, 2012 and grant Petitioner the ability to appeal the final judgment.  *See generally id.*

    Petitioner's insistence that he did not receive the judgment has been borne out by this Court's investigation.  As a result of Petitioner's status as a *pro se* litigant, the District Court is tasked with mailing true copies of filings in this matter to him.  *See, doc. 8* at 1-2 ("[U]ntil such time as Applicant may be represented by counsel, the Clerk shall forward to applicant a copy of . . . any subsequent orders, pleadings and supporting papers . . . .").  Ordinarily, the Court's Electronic Case Filing system will automatically generate a mailing upon filing of any matter in a *pro se* case.  Due to a failure in that system, however, no such mailings were generated and sent to Petitioner upon the Court's dismissal of the petition.  On January 11, 2012, once the Court discerned that the system had failed in the instant case, copies of the final judgment were mailed to Petitioner.[3]  *See unnumbered docket entry Jan. 11, 2012.*  Based upon Petitioner's averments and this Court's investigation, the Court finds that Petitioner did not receive notice of the final judgment in his case until January 12, 2012.

---

[3] The Court has also taken steps to ensure against such failures in the future.

3

## *Analysis*

"An appeal permitted by law as of right from a district court to a court of appeals may be taken only by filing a notice of appeal with the district clerk." Fed. R. App. P. 3(a)(1). In a civil case, "the notice of appeal . . . must be filed with the district court clerk within 30 days after entry of the judgment or order appealed from." *Id.* 4(a)(1)(A). Assuming that certain conditions are met, "[t]he district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered . . . ." *Id.* 4(a)(6). In order to reopen the time to appeal, the Court must find:

> (A) . . . that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
> (B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and
> (C) . . . that no party would be prejudiced.

*Id.*

In the present case, the Court finds that all three prerequisites are clearly met. First, the Order of this Court directing the Clerk to inform Petitioner of filings notwithstanding, Petitioner did not receive notice of the entry of judgment in this matter for more than 100 days after entry. Second, Petitioner filed his Motion to Reopen only eight days after receiving notice of the entry of judgment. *See doc. 164.* Third, no apparent prejudice would result from re-opening of the time for a notice of appeal to be

4

filed here.  As all three prerequisites are met, the Court will reopen Petitioner's time for filing his notice of appeal for fourteen days.

Wherefore, IT IS HEREBY ORDERED that Petitioner's Motion to Reopen the Time to File Appeal, (*doc. 164*), is GRANTED.  **Petitioner shall be granted fourteen (14) additional days from the issuance of this Order within which to file his notice of appeal.**  That notice must comply with the requirements of Federal Rule of Appellate Procedure 3.

IT IS FURTHER ORDERED that Petitioner's Motion for Relief from Judgment (*doc. 165*) is construed as a repetition of Petitioner's Motion to Reopen the Time to File Appeal and is, therefore, DENIED AS MOOT.

**IT IS SO ORDERED.**

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE