IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

FRANK DOMBOS,

       Petitioner,

vs.                                                                                 No. CIV 09-0200 JB/GBW

JAMES JANECKA, Warden,
Lea County Correctional Facility,
GARY KING, New Mexico Attorney
general,

       Defendants.

**MEMORANDUM OPINION AND ORDER**

       **THIS MATTER** comes before the Court on the Petitioner's Post Judgement [sic] Motion to Reconsider Final Judgement, [sic] and Order Over Ruling [sic] Objections Dismissing Petition (Questioning the Judgment), filed January 31, 2012 (Doc. 170)("Motion"). The primary issues are: (i) whether the Court has jurisdiction to consider the Motion; and (ii) assuming the Court does have jurisdiction to consider the Motion, whether it should grant relief to Plaintiff Frank Dombos under either rule 59 or rule 60 of the Federal Rules of Civil Procedure. The Court lacks jurisdiction to grant the Motion, because Plaintiff Frank Dombos has filed an appeal in this case. While the Court has no jurisdiction to grant the Motion, it has jurisdiction to consider the Motion and deny it on the merits even though an appeal is pending. The Court concludes that the Motion is untimely under rule 59(e), which means that the Court cannot apply rule 59(e)'s standards when evaluating the Motion. The Court, having consider the Motion, sees no basis to grant the Motion under rule 60(b) and will deny the Motion on the merits. Consequently, it is unnecessary for the Court to notify the United States Court of Appeals for the Tenth Circuit of the Court's intention to grant the Motion so that the Tenth Circuit may permit the Court to grant the Motion.

**PROCEDURAL BACKGROUND**

Dombos filed his petition for a writ of habeas corpus with the Court on February 26, 2009. See Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 by a Person in Custody (Doc. 1)("Petition"). On April 5, 2011, the Honorable Gregory B. Wormuth, United States Magistrate Judge -- to whom the Court earlier referred this matter -- issued proposed findings and a recommendation that the Court dismiss the Petition with prejudice. See Report and Recommendation (Doc. 142). Dombos asserted various objections. See Written Objections (To United States Magistrate Judge Gregory B. Wormuth's Report and Recommendation, -- Doc. # 142), filed April 26, 2011 (Doc. 152). The Court overruled all of Dombos' objections, adopted the proposed findings, and dismissed the Petition with prejudice. See Order Overruling Petitioner's Objections, Adopting Recommendations, and Dismissing Petition, filed September 30, 2011 (Doc. 157). The Court entered final judgment on September 30, 2011. See Final Judgment at 1 (Doc. 158).

In the time leading up to and following the issuance of that decision, Dombos sent the Clerk of this Court several letters requesting updates on the status of his case and asserting that he was not receiving documents filed by the Court. See Letter from Frank Dombos to the Court (dated August 16, 2011), filed August 17, 2011 (Doc. 155); Letter from Frank Dombos to the Court (dated August 15, 2011), filed August 26, 2011 (Doc. 156); Letter from Frank Dombos to the Court (dated January 10, 2012), filed January 11, 2012 (Doc. 159); Letter from Frank Dombos to the Court (dated January 11, 2012), filed January 12, 2012 (Doc. 160); Letter from Frank Dombos to the Court (dated January 12, 2012)(Doc. 167). Eventually, on January 17, 2012, Dombos filed a notice of appeal. See Notice of Appeal, filed January 17, 2012 (Doc. 161). The next day, the Clerk of Court for the Tenth Circuit issued an order directing Dombos to "serve and file a memorandum brief" regarding whether the

Tenth Circuit "ha[d] jurisdiction where the notice of appeal was filed . . . more than 30 days after entry of final judgment." Tenth Circuit PACER, Case No. 12-2004, Doc. 01018779357.

In response, Dombos filed a pair of motions with the Court seeking to reopen his time within which to file a notice of appeal. <u>See</u> Motion to Reopen the Time to File Appeal, filed January 20, 2012 (Doc. 164); Motion for Relief from Judgment, filed January 23, 2012 (Doc. 165). Judge Wormuth, having discovered a failure in the Court's system for automatically serving pro se litigants, granted one of the motions, denied the other as moot, and ordered Dombos to file his notice of appeal within fourteen days of the order. <u>See</u> Order Reopening the Time to File an Appeal at 5, filed January 27, 2012 (Doc. 168). The Tenth Circuit, citing uncertainty as to whether a Magistrate Judge could rule on such a motion, directed the Court to consider Judge Wormuth's order as a recommendation and to rule on Dombos' motions. <u>See</u> Order at 1-2, filed January 30, 2012 (Doc. 169). Upon review, the Court agreed with Judge Wormuth and issued an order to that effect. <u>See</u> Order Reopening the Time to File an Appeal at 1-2, filed February 15, 2012 (Doc. 175).

In the time after Dombos filed his original notice of appeal and after Judge Wormuth granted his motions pertaining to it, but before the Court issued the order granting those motions, Dombos filed a motion to reconsider the order dismissing his petition. <u>See</u> Doc. 170. Dombos filed a second and now timely notice of appeal on February 21, 2012. <u>See</u> Notice of Appeal (Doc. 177).

**LAW REGARDING MOTIONS TO RECONSIDER UNDER RULES 59(e) AND 60**

Rule 59(e) provides: "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Rule 60 provides in relevant part:

> (b) **Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;

> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.
>
> (c) **Timing and Effect of the Motion.**
>
> (1) **Timing.** A motion under Rule 60(b) must be made within a reasonable time -- and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding.
>
> (2) **Effect on Finality.** The motion does not affect the judgment's finality or suspend its operation.

Fed. R. Civ. P. 60(b)-(c). The Tenth Circuit has recognized:

> Generally, a "motion for reconsideration, not recognized by the Federal Rules of Civil Procedure, Clough v. Rush, 959 F.2d 182, 186 n.4 (10th Cir. 1992), may be construed in one of two ways: if filed within 10 days of the district court's entry of judgment, it is treated as a motion to alter or amend the judgment under Rule 59(e); if filed more than 10 days after entry of judgment, it is treated as a motion for relief from judgment under Rule 60(b)." Computerized Thermal Imaging, Inc. v. Bloomberg, L.P., 312 F.3d 1292, 1296 n.3 (10th Cir. 2002).

Price v. Philpot, 420 F.3d 1158, 1167 n.9 (10th Cir. 2005). The time limit in rule 59(e) is now twenty-eight days rather than ten days. See Fed. R. Civ. P. 59(e). A motion for reconsideration is an "inappropriate vehicle[] to reargue an issue previously addressed by the court when the motion merely advances new arguments, or supporting facts which were available at the time of the original motion." Servants of Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000). "Grounds

warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." Servants of Paraclete v. Does, 204 F.3d at 1012. "Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law." Servants of Paraclete v. Does, 204 F.3d at 1012. A district court has considerable discretion in ruling on a motion to reconsider. See Phelps v. Hamilton, 122 F.3d 1309, 1324 (10th Cir. 1997).

Rule 60 authorizes a district court to "[o]n motion and just terms . . . relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons," including "any other reason that justifies relief." Fed. R. Civ. P. 60(b). "A motion under rule 59 that is filed more than 28 days after entry of judgment may be treated as a Rule 60(b) motion for relief from judgment." 12 J. Moore, Moore's Federal Practice § 59.11[4][b], at 59-32 (3d ed. 2011)(citations omitted). Rule 60(b)(6) is a "grand reservoir of equitable power to do justice in a particular case." Van Skiver v. United States, 952 F.2d 1241, 1244 (10th Cir. 1991)(internal quotation marks omitted). District courts, however, generally may grant relief under this provision only in extraordinary circumstances. See Sindar v. Garden, 284 F.App'x 591, 596 (10th Cir. 2008)(unpublished). Additionally, rule 60 recognizes by implication a district court's general power to "entertain an independent action to relieve a party from a judgment, order, or proceeding," although courts should use this provision sparingly for more extreme cases. Fed. R. Civ. P. 60(d). See Sindar v. Garden, 284 F.App'x at 596 ("Rule 60(b)(6) is a 'grand reservoir of equitable power to do justice in a particular case.' However, only a particular 'kind of legal error [] provides the extraordinary circumstances justifying relief under Rule 60(b)(6).'" (alteration in original)(internal quotation marks omitted)). Accord Arnold v. Farmers Ins. Co. of Ariz., No. 09-0330, 2011 WL 5220320, at *3 (D.N.M. Sept. 29, 2011)(Browning, J.).

Notably, neither rule 59 nor rule 60 apply to interlocutory orders a district court reconsiders before entry of final judgment. Rule 59(e) states: "A motion to alter or amend a judgment must be filed no later than 28 days <u>after the entry of the judgment</u>." Fed. R. Civ. P. 59(e) (emphasis added). <u>Accord</u> <u>Van Skiver v. United States</u>, 952 F.2d at 1243 ("In this case, plaintiffs' motion to reconsider was not served within ten days of the district court's judgment."); 12 J. Moore, <u>supra</u>, § 59.11[1][a], at 59-26 ("A motion for a new trial must be filed no later than 28 days after the entry of judgment, regardless of when or whether the parties received notice of the entry of the judgment." (citations omitted)). As the note to the 1946 amendment to rule 60 emphasizes in a discussion of the choice to add the word "final" within rule 60(b):

> The addition of the qualifying word "final" emphasizes the character of the judgments, orders or proceedings from which Rule 60(b) affords relief; and hence interlocutory judgments are not brought within the restrictions of the rule, but rather they are left subject to the complete power of the court rendering them to afford such relief from them as justice requires.

Fed. R. Civ. P. 60 note to 1946 amendment. <u>Accord</u> 12 J. Moore, <u>supra</u>, § 60.23, at 60-82 ("Rule 60(b) does not govern relief from interlocutory orders, that is to say any orders in which there is something left for the court to decide after issuing the order."); 11 C. Wright, A. Miller & M. Kane, <u>Federal Practice and Procedure</u> § 2852, at 233 (2d ed. 1995)("Thus, the power of a court to modify an interlocutory judgment or order at any time prior to final judgment remains unchanged and is not limited by the provisions of Rule 60(b)."); <u>id</u>. § 2866, at 390 ("The one-year limit on motions under the first three clauses runs from the date the judgment was entered in the district court.").[1] The

---

[1] Certain proceedings that are not traditional lawsuits, such as a suit filed under rule 27(a) of the Federal Rules of Civil Procedure to perpetuate testimony through a pre-suit deposition, will not necessarily require a final judgment when the proceeding comes to an end. <u>See</u> Fed. R. Civ. P. 27(a). Rule 60(b) acknowledges this possibility by referring to final orders and proceedings along with final judgments. <u>See</u> Fed. R. Civ. P. 60(b) & note to 1946 amendment. <u>Accord</u> 12 J. Moore, <u>supra</u>, § 60.23, at 60-80 ("Rule 60(b) permits relief 'from a <u>final</u> judgment, order, or proceeding." (emphasis in original)).

Tenth Circuit has recognized that a district court has broad discretion to reconsider its interlocutory rulings before the entry of judgment. See Rimbert v. Eli Lilly & Co., 647 F.3d 1247, 1251 (10th Cir. 2011)("[D]istrict courts generally remain free to reconsider their earlier interlocutory orders."). That discretion extends to rulings on partial summary judgment motions. See Fye v. Okla. Corp. Comm'n, 516 F.3d 1217, 1223-24 n.2 (10th Cir. 2008)("The District Court's partial summary judgment ruling was not a final judgment. Thus, Ms. Fye's motion for reconsideration is considered an 'interlocutory motion invoking the district court's general discretionary authority to review and revise interlocutory rulings prior to entry of final judgment.'").

## LAW REGARDING DISTRICT COURT JURISDICTION PENDING APPEAL

The general rule is that, when a litigant files a notice of appeal, the district court loses jurisdiction over the case, save for collateral matters not involved in the appeal. See McKissick v. Yuen, 618 F.3d 1177, 1196 (10th Cir. 2010); City of Cookeville v. Upper Cumberland Elec. Membership Corp., 484 F.3d 380, 394 (6th Cir. 2007). A district court, however, generally retains jurisdiction to enforce its judgments. See City of Cookeville v. Upper Cumberland Elec. Membership Corp., 484 F.3d at 394. See also Chaganti & Assocs., P.C. v. Nowotny, 470 F.3d 1215, 1223 (8th Cir. 2006); Blue Cross & Blue Shield Ass'n v. Am. Express Co., 467 F.3d 634, 638 (7th Cir. 2006). Furthermore, a district court retains jurisdiction to enforce its orders or judgments through contempt proceedings following the filing of an appeal. See Chaganti & Assocs., P.C. v. Nowotny, 470 F.3d at 1223. "If the judgment has been stayed or superseded, then the district court may not enforce it." Avendano v. Smith, No. 11-0556, 2011 WL 5223041, at *4 (D.N.M. Oct. 6, 2011)(Browning, J.)(citing Santibanez v. Wier McMahon & Co., 105 F.3d 234, 238 (5th Cir. 1997)).

Rule 4(a)(4)(A) of the Federal Rules of Appellate Procedure provides:

(A)   If a party timely files in the district court any of the following motions under

    the Federal Rules of Civil Procedure, the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion:

    (i)     for judgment under Rule 50(b);

    (ii)    to amend or make additional factual findings under Rule 52(b), whether or not granting the motion would alter the judgment;

    (iii)   for attorney's fees under Rule 54 if the district court extends the time to appeal under Rule 58;

    (iv)   to alter or amend the judgment under Rule 59;

    (v)    for a new trial under Rule 59; or

    (vi)   for relief under Rule 60 if the motion is filed no later than 28 days after the judgment is entered.

Fed. R. App. P. 4(a)(4)(A). Rule 4(a)(4)(B)(i) of the Federal Rules of Appellate Procedures provides:

    If a party files a notice of appeal after the court announces or enters a judgment -- but before it disposes of any motion listed in Rule 4(a)(4)(A) -- the notice becomes effective to appeal a judgment or order, in whole or in part, when the order disposing of the last such remaining motion is entered.

Fed. R. App. P. 4(a)(4)(B)(i). The United States Court of Appeals for the Second Circuit has held that a motion filed under rule 60(b) of the Federal Rules of Civil Procedure that is filed after the time period prescribed in rule 4(a)(4)(A) does not trigger rule 4(a)(4)(B)(i) of the Federal Rules of Appellate Procedure:

    As the time for filing a Rule 59 motion cannot be enlarged, the District Court should have construed the untimely motion for a new trial as one for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b). Nevertheless, according to its terms, Federal Rule of Appellate Procedure 4(a)(4) only stays the effectiveness of the notice of appeal if a pending Rule 60(b) motion was filed within ten days of the entry of judgment.

Burns v. King, 160 F.App'x 108, 111 n.2 (2d Cir. 2005)(unpublished)(citations omitted).

The Tenth Circuit has recognized that, in circumstances where a notice of appeal has been filed yet there is still a pending rule 60(b) motion for the district court to consider, the district court has jurisdiction to deny the motion on the merits but lacks jurisdiction to grant the motion. See Aldrich Enters., Inc. v. United States, 938 F.2d 1134, 1143 (10th Cir. 1994)("Although it lacked jurisdiction to grant the Rule 60(b)(2) motion due to the appeal in No. 88-2575, the court was free to consider the motion, and the court could then . . . deny it on the merits . . . ."). If the district court is inclined to grant the rule 60(b) motion, the Tenth Circuit has instructed that a district court should "notif[y] [the Tenth Circuit] of its intention to grant the motion upon proper remand." Aldrich Enters., Inc. v. United States, 938 F.2d at 1143.

## ANALYSIS

The Court lacks jurisdiction to grant the Motion, because Plaintiff Frank Dombos has filed an appeal in this case. While the Court has no jurisdiction to grant the Motion, it has jurisdiction to consider the Motion and deny it on the merits even though an appeal is pending. The Court concludes that the Motion is untimely under rule 59(e), which means that the Court cannot apply rule 59(e)'s standards when evaluating the Motion. The Court, having consider the Motion, sees no basis to grant the Motion under rule 60(b) and will deny the Motion on the merits. Consequently, it is unnecessary for the Court to notify the Tenth Circuit of the Court's intention to grant the Motion so that the Tenth Circuit may permit the Court to grant the Motion.

**I.     DOMBOS' FIRST NOTICE OF APPEAL DID NOT DIVEST THE COURT OF JURISDICTION TO CONSIDER THE MOTION.**

With certain exceptions, "[i]n a civil case, . . . the notice of appeal . . . must be filed with the district court within 30 days after entry of the judgment or order appealed from." Fed. R. App. P. 4(a)(1)(A). "Generally speaking, a timely notice of appeal divests the district court of jurisdiction."

Jones v. United States, 355 F.App'x 117, 122 (10th Cir. 2009)(unpublished)(quoting Warren v. Am. Bankers Ins. of Fla., 507 F.3d 1239, 1242 (10th Cir. 2007)). Jurisdiction is not divested, however, where the notice of appeal is untimely. United States v. 397.51 Acres of Land, 692 F.2d 688, 693 (10th Cir. 1982).

It cannot be disputed that Dombos' first notice of appeal was untimely. The Court issued the orders Dombos challenges, including the final judgment in this case, on September 30, 2011. See Docs. 157, 158. Dombos did not file the first notice of appeal until January 17, 2012, see Doc. 161, well after the thirty-day deadline. While the Court later reopened the time for Dombos to file a notice of appeal, that ruling did not alter the untimely nature of the first notice of appeal. Instead, the order permitted, and in fact directed, Dombos to file a second notice of appeal within the reopened time period. See Order Reopening the Time to File an Appeal at 5 (granting Dombos fourteen days within which to file a proper notice of appeal). Thus, at the time the Motion was filed, Dombos had filed no timely notice of appeal, and the Court had not yet been divested of jurisdiction.[2]

## II. THE COURT HAS JURISDICTION TO DENY, BUT NOT TO GRANT, THE MOTION.

On February 21, 2012, Dombos filed his second notice of appeal. See Doc. 177. He filed the second notice of appeal within fourteen days of entry of the Court's Order Reopening the Time to File an Appeal, see Doc. 175, which the Court filed on February 15, 2012. The Tenth Circuit has recognized that, in circumstances where a notice of appeal has been filed yet there is still a pending

---

[2]A rule 59 or a rule 60 motion filed within twenty-eight days of the entry of judgment suspends the time for filing a notice of appeal. See Fed. R. App. P. 4(a)(4)(A); Warren v. Am. Bankers Ins. of Fla., 507 F.3d at 1245 (citing Ross v. Marshall, 426 F.3d 745, 751-52 (5th Cir. 2005)). Because Dombos did not file his Motion seeking reconsideration within twenty-eight days of the entry of judgment, rule 4(a)(4)(A) did not suspend the time for filing his notice of appeal.

rule 60(b) motion for the district court to consider, the district court has jurisdiction to deny the motion on the merits but lacks jurisdiction to grant the motion. See Aldrich Enters., Inc. v. United States, 938 F.2d at 1143 ("Although it lacked jurisdiction to grant the Rule 60(b)(2) motion due to the appeal in No. 88-2575, the court was free to consider the motion, and the court could then . . . deny it on the merits . . . ."). If the district court is inclined to grant the rule 60(b) motion, the Tenth Circuit has instructed that a district court should "notif[y] [the Tenth Circuit] of its intention to grant the motion upon proper remand." Aldrich Enters., Inc. v. United States, 938 F.2d at 1143. Thus, pursuant to the Tenth Circuit's holding in Aldrich Enterprises, Inc. v. United States, the Court concludes that it has jurisdiction to deny the Motion but not to grant the Motion -- absent permission from the Tenth Circuit to do so given the pendency of an appeal.

### III.     THE COURT WILL DENY THE MOTION SEEKING RECONSIDERATION.

"[T]he Federal Rules of Civil Procedure do not recognize that creature known all too well as the 'motion to reconsider' or 'motion for reconsideration.'" Warren v. Am. Bankers Ins. of Fla., 507 F.3d at 1243. Rather, such a motion usually arises "under Fed. R. Civ. P. 59 as a motion . . . to alter or amend the judgment, or . . . under Fed. R. Civ. P. 60 as a motion for relief from judgment . . . ." Warren v. Am. Bankers Ins. of Fla., 507 at 1243-44. A party may move for the Court to amend or alter a judgment under rule 59(e). See Fed. R. Civ. P. 59(e). Additionally, under rule 60, for certain enumerated reasons, "[o]n motion and just terms, the court may relieve a party . . . from a final judgment . . . ." Fed. R. Civ. P. 60(b). Among the grounds upon which rule 60 relief may be granted are "mistake, inadvertence, surprise, or excusable neglect," and "other reason[s] that justif[y] relief." Fed. R. Civ. P. 60(b)(1), (6).

Whether a reconsideration request should be reviewed under Rule 59 or 60 "depends upon the reasons expressed by the movant." Commonwealth Prop. Advocates, LLC v. Mortg. Elec.

Registration Sys., Inc., No. 10-4182, 2011 WL 6739431, at *3 (10th Cir. Dec. 23, 2011). Where, as here, the motion "involves 'reconsideration of matters properly encompassed in a decision on the merits,'" a court considers the motion under rule 59(e). Phelps v. Hamilton, 122 F.3d at 1323-24 (quoting Martinez v. Sullivan, 874 F.2d 751, 753 (10th Cir. 1989)). See Jennings v. Rivers, 394 F.3d 850, 855 (10th Cir. 2005). In other words, if the reconsideration motion seeks to alter the district court's substantive ruling, then it should be considered a rule 59 motion and be subject to rule 59's constraints. See Phelps v. Hamilton, 122 F.3d at 1324.

Having reviewed Dombos' reconsideration request, it is properly reviewed as a rule 59 motion. It seeks reconsideration of matters properly encompassed in the Court's decision on the merits. Moreover, none of the Dombos' claimed errors fall within those which can be remedied under rule 60.

A motion under rule 59(e) must be filed within twenty-eight days of the issuance of the judgment at issue. See Fed. R. Civ. P. 59(e). The Court cannot grant an extension of time to file a rule 59(e) motion. See Fed. R. Civ. P. 6(b)(2); Plant Oil Powered Diesel Fuel Sys., Inc. v. ExxonMobil Corp., No. 11-0103, 2012 WL 869000, at *2 (D.N.M. Mar. 8, 2012)(Browning, J.)("The Court may not extend the time period for timely filing motions under Rule 59(e) . . . ."). Accordingly, the Court lacks jurisdiction to grant this Motion under rule 59(e). See Brock v. Citizens Bank of Clovis, 841 F.2d 344, 347 (10th Cir. 1988)(holding that courts lack jurisdiction over untimely rule 59(e) motions).

The Court is, of course, aware that the rule 59(e) deadline passed before Dombos received notice of the judgment. See Order Reopening the Time to File an Appeal at 3-4. The Court may not, however, extend the time for such a motion, even where a party did not receive timely notice of a final judgment. See Watson v. Ward, 404 F.3d 1230, 1232 (10th Cir. 2005)(court lacked

jurisdiction over rule 59(e) motion despite "regrettable" fact that party did not receive timely notice of judgment at issue). Moreover, an untimely reconsideration motion properly reviewed under rule 59(e) is not converted to a rule 60 motion simply because it failed to meet the rule 59 deadline. See Watson v. Ward, 404 F.3d at 1232; Jennings v. Rivers, 394 F.3d at 854 (explaining that the two rules "serve different purposes and produce different consequences"). Dombos' Motion seeks "'reconsideration of matters properly encompassed in a decision on the merits' contemplated by Rule 59(e)" rather than relief under any of the standards enumerated in rule 60(b). Jennings v. Rivers, 394 F.3d at 854. Dombos is not asking for relief from judgment on the grounds of "mistake, inadvertence, surprise, or excusable neglect," but rather is arguing that the Court incorrectly decided the merits of his case. Fed. R. Civ. P. 60(b)(1). He does not ask for relief from judgment because he has "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under rule 59(b)." Fed. R. Civ. P. 60(b)(2). He relies on evidence that has already been available to him and on which he has relied before in his previous filings with the Court. He primarily argues that Judge Wormuth and the Court did not reach proper legal conclusions based on the evidence. See, e.g., Motion at 5-6 ("The findings by the Magistrate Judge, clearly go against what the facts and records are in my case. They are contrary to the evidence." (emphasis in original)). Lastly, he is not arguing that: (i) there was some type of fraud in entry of the judgment; (ii) the judgment is void; or (iii) the judgment has been satisfied, released, or discharged. See Fed. R. Civ. P. 60(b)(3)-(5). Consequently, the Court will deny the Motion.[3]

---

[3]Given that Dombos had not received notice of the judgment until well after the rule 59 deadline had passed, this result may initially appear unfair. This result is just, however. First, Dombos has already had the opportunity to raise alleged errors in Judge Wormuth's recommendations on the merits of his claims through the process of objections. He took advantage of that opportunity and the Court reviewed his arguments. See Docs. 152, 157. Second, Dombos will have an opportunity to raise alleged errors in his appeal before the Tenth Circuit. Thus, refusing his request for reconsideration under rule 59(e) has not deprived him of the ability to argue the

**IT IS ORDERED** the Petitioner's Post Judgement [sic] Motion to Reconsider Final Judgement, [sic] and Order Over Ruling [sic] Objections Dismissing Petition (Questioning the Judgment), filed January 31, 2012 (Doc. 170), is denied.

_____
UNITED STATES DISTRICT JUDGE

*Parties and Counsel:*

Frank J. Dombos
Western New Mexico Correctional Facility
Grants, New Mexico

*Plaintiff pro se*

Gary K. King
New Mexico Attorney General
Margaret E. McLean
Assistant Attorney General
New Mexico Attorney General's Office
Santa Fe, New Mexico

*Attorneys for the Defendants*

---

merits of his case.